HARTMAN *v.* HARTMAN, ADMR.

5-1442                              309 S. W. 2d 737

Opinion delivered February 10, 1958.

*Jeta Taylor* and *Daily & Woods,* for appellant.

*Dickson & Putman* and *Mark E. Woolsey,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, Hadee Hartman, is the widow of H. H. Hartman, who died on the 17th day of January, 1956. In November preceding his death, Mr. Hartman sold 255 acres of his 280 acre farm, encompassing his homestead, for the consideration of $13,500. Mrs. Hartman signed the deed, releasing her right of dower and homestead. A cash payment of $6,500 was made; for the balance, the purchaser executed ten notes in the amount of $700 each, due annually; the notes were made payable to H. H. Hartman and Hadee Hartman. On the 16th day of November, 1955, the remaining 25 acres of the farm was converted into an estate by the entirety between Hartman and his wife, Hadee, the appellant.

On the 23rd day of April, 1956, H. B. Hartman, son of H. H. Hartman and administrator of his estate, filed in probate court a petition for discovery, asking that the

widow, Hadee Hartman, be required to appear before the probate court to be examined under oath "for the discovery of all such property, records, papers and documents belonging to said decedent, or affecting his title to, or rights in, any property owned by decedent at the time of death; and further prays that upon said discovery respondent be required to deliver to this petitioner, as such administrator, all property, records, papers or documents (to) which he may be found by the court to be entitled." The court issued an order of discovery requiring the widow to appear before the court to be examined under oath. In response thereto, Mrs. Hartman appeared in court with an attorney, who was a partner of her regular attorney. In Mrs. Hartman's presence, the attorney entered into the following stipulation:

"It is stipulated that property belonging to H. H. Hartman was sold prior to his death for the sum of $13,500.00.

"That the purchase price was paid as follows: $6,-500.00 in cash and the remaining portion of the purchase price was evidenced by 10 promissory notes in the sum of $700.00 each, maturing annually on the 1st day of December in each year, beginning in the year 1956. That the remaining unpaid balance of the purchase price is secured by a mortgage on the property sold and that the mortgage is of record in the office of the Circuit Clerk and Ex-Officio Recorder of Ozark District of Franklin County.

"That the notes were made payable jointly to Mr. and Mrs. H. H. Hartman and that Mrs. Hartman, subsequent to the execution of the notes and mortgages, entered into an agreement with H. H. Hartman whereby she assigned to H. H. Hartman $5,000.00 of said notes, being the notes maturing last and that the consideration for the assignment was that she was to have title to the 24 or 25 remaining acres and that the $5,000.00 unpaid purchase price was to go to H. H. Hartman free and clear of any claims which she might have as dower or homestead and in lieu thereof.

"That the contract between H. H. Hartman and Mrs. Hartman and all of the notes are in the private safe of Mr. Jeta Taylor, the attorney for Mrs. Hartman at Ozark, Arkansas, and that he is out of the State because of illness of a relative, and that upon Mr. Taylor's return that a copy of the contract and the notes to which the estate is entitled will be delivered to the administrator."

Later a petition was filed by Mrs. Hartman, asking that the stipulation be amended. The petition alleges that the assignment of the notes of the value of $5,000 to Mr. Hartman was a unilateral agreement supported by no consideration and was void; that the assignment was induced by a fraudulent representation that Mr. Hartman had paid $5,000 for the land, when in fact he had paid only $2,000 for it; that the recited consideration that Mrs. Hartman was to get title to 25 acres is untrue. It was contended, also, that Mrs. Hartman only agreed to deliver a copy of the assignment and copies of the notes; that the stipulation did not mean that she would deliver the original notes. A hearing was held on the petition to amend the stipulation. The court made a finding that Mrs. Hartman agreed in open court to the stipulation, and that there was no merit to the contention that only copies of the notes were to be delivered to the administrator. The court did not consider that the validity of the assignment was an issue at that time. The order provides:

"And the court, without passing on the question of the validity of the assignment, permits Hadee Hartman to withdraw from the stipulation that portion stating that the consideration was 24 or 25 acres of land, the withdrawal of said portion of the stipulation being permissive only and without prejudice to the rights of any of the parties hereto to litigate said matter in a court of competent jurisdiction."

Mrs. Hartman had stipulated in open court that the notes had been assigned to the estate. The court did not pass on the validity of the assignment. In fact, the court specifically pointed out that the validity of the

assignment was an open question, leaving the parties at liberty to litigate that question.

Appellant contends that the probate court did not have jurisdiction to order Mrs. Hartman to deliver the notes to the administrator. This might be correct if Mrs. Hartman had asserted at the time of the discovery proceeding that she was entitled to the possession of the notes. But she agreed to turn possession of the notes over to the administrator. In these circumstances we think the probate court had jurisdiction to order that this be done. It does not appear to make much difference who has possession of the notes. The vital question is the validity of the assignment. The court made no attempt to decide that question.

This leads to a discussion of the jurisdiction of the probate court in a discovery proceeding. Ark. Stat. § 62-413 provides for a discovery proceeding by the probate court in regard to alleged assets of an estate. Section 62-415 (Rev. Stat., ch. 4, § 50) provided for an attachment of any property found in such proceeding to belong to the estate.

In *Moss* v. *Sandefur,* 15 Ark. 381, it appears that if the person in possession of the property in issue has color of title thereto, the probate court does not have jurisdiction to order the delivery of the property to the administrator. And in *Ellsworth* v. *Cornes,* 204 Ark. 756, 165 S. W. 2d 57 (1942), it is held that the probate court does not have jurisdiction to determine title to contested property, but it is pointed out that where the contest is between the executor or administrator and parties who claim as heirs or beneficiaries having some interest in the estate and who do not claim adversely or are strangers to it, the probate court has jurisdiction.

When the new probate court code was adopted in 1949, the old statute providing for discovery (Ark. Stat. § 62-413) was reenacted (Ark. Stat. § 62-2409). But § 62-415, providing for attachment, was not reenacted, the committee comment being ''The right of the probate court to attach property belonging to the

decedent is withdrawn since the committee feels that such attachment may more properly be enforced in other courts." (Note to § 62-2409).

Appellee cites *Thomas* v. *Thomas,* 150 Ark. 43, 233 S. W. 808 (1921), and *Carlson* v. *Carlson,* 224 Ark. 284, 273 S. W. 2d 542 (1954), as authority for the proposition that probate court has jurisdiction to determine the ownership of property between the widow and the estate of the deceased husband. It is hard to reconcile the *Thomas* and *Carlson* cases with the *Moss* case and the *Ellsworth* case and the statutes, when, as here, the widow is claiming the property, not because she is an heir or distributee of the estate, but is claiming it adversely to the estate. But be that as it may, in the case at bar the fact remains that Mrs. Hartman appeared in open court and stipulated that she had assigned the notes in controversy to the estate and agreed to turn them over to the administrator. We think such action on the part of the appellant gave the court jurisdiction to order that this be done.

At the time of the making of the stipulation to the effect that the notes had been assigned to Mr. Hartman, there did not appear to be any controversy about the validity of the assignment. Of course, if there was no controversy about the title, the court had the authority to order that the notes be turned over to the administrator. And the fact that later the widow claimed to be the owner of the notes would not divest the probate court of jurisdiction, once acquired. In 15 C. J. 822, it is said: "It is well established, as a general rule, that jurisdiction once acquired is not defeated by subsequent events, even though they are of such a character as would have prevented jurisdiction from attaching in the first instance." And the Court said, in *Estes* v. *Martin,* 34 Ark. 410, 419: "It is the universal rule, so far as we know, in the courts of the various states, and in the United States courts, that where a court once rightfully acquires jurisdiction of a cause, it has a right to retain and decide (it)." See, also, *Strawn* v. *Campbell,* 226 Ark. 449, 291 S. W. 2d 508.

In the hearing on the discovery petition, it was conceded that the notes were assigned by Mrs. Hartman to Mr. Hartman. In the circumstances, the probate court had jurisdiction to order that the notes be turned over to the administrator of Mr. Hartman's estate. The burden is on Mrs. Hartman to establish the alleged invalidity of the assignment. That issue has not been resolved.

Affirmed.