HOBBS, ADMR. *v.* COLLINS.

5-2596                                        354 S. W. 2d 551

Opinion delivered March 5, 1962.

*Carlos B. Hill,* for appellant.

*Rex W. Perkins* and *David J. Burleson,* for appellee.

SAM ROBINSON, Associate Justice. John Edward Gayler, age 68, died on the 9th day of August, 1960. During his lifetime he had accumulated bank deposits and government bonds of the value of about $40,000.00. Gayler had no wife and no children.

Appellee, Winnifred Preston Collins, whom Gayler had known since she was a little girl, claims that during his lifetime Gayler gave to her the money in the banks and the bonds. Appellant, E. A. Hobbs, Administrator of the Gayler Estate, concedes that Gayler gave the bonds to Mrs. Collins, but denies that he gave her the money in the banks. The Probate Court found that Gayler gave the money in the banks to Mrs. Collins and the Administrator has appealed.

Appellee, Winnifred Collins, first filed in the Probate Court a claim in which she alleged that she is the

owner of the money in the banks and the bonds. This was before an inventory was filed in the Gayler estate, and she stated that she did not know whether the Administrator would claim ownership of the money and bonds. Later, the Administrator filed an inventory in which he listed the money and bonds as assets of the estate. Appellee filed exceptions to the inventory in which she alleged that Gayler, the deceased, had given her the money in the banks and the bonds and that she is the owner thereof. Appellant, Administrator, filed a response to the objections to the inventory and prayed that the Probate Court deny the objections and that Winnifred Collins take nothing thereby and for all other proper orders.

First the appellant contends that the Probate Court did not have jurisdiction to determine the ownership of the money. No objection to the jurisdiction of the Probate Court was made until the cause reached this Court on appeal.

The Probate Court was not without jurisdiction of the subject matter. *Carlson, Administrator* v. *Carlson,* 224 Ark. 284, 273 S. W. 2d 542, *Thomas* v. *Thomas,* 150 Ark. 43, 233 S. W. 808, *King* v. *Stevens,* 146 Ark. 443, 225 S. W. 656, Ark. Stats. § 62-2409. If appellant had not wanted to submit the issue of the ownership of the property to the Probate Court, objection should have been made before a full scale trial was had and then appellant would have been in a position to raise the question on appeal. It appears, however, that the Administrator voluntarily submitted to the jurisdiction of the Probate Court. This can be done. *Park* v. *McClemens,* 231 Ark. 983, 334 S. W. 2d 709.

The evidence fully sustains the Court's finding that Gayler gave the money in the bank to Winnifred. All the bank books were left by Gayler with Mrs. Preston, the mother of Winnifred, to be kept for her with a large number of U. S. bonds, purchased by Gayler and made payable to himself and Winnifred Collins. When some of the bonds were first turned over to Mrs. Preston for

Winnifred, they did not have Winnifred's name on them. This was called to Gayler's attention and he returned the bonds to the government and had them reissued in both names. Thereafter, all bonds purchased by Gayler were made payable to himself and Winnifred. Mrs. Preston was also keeping for Winnifred an insurance policy purchased by Gayler on his own life with Winnifred as the sole beneficiary. One of the bank deposits was in the joint names of Gayler and Winnifred.

The Probate Court is fully sustained by the evidence in finding that Gayler had made the statement numerous times that he had given everything to Winnifred and that he actually gave the money in the bank, represented by the bank books, to Mrs. Preston for Winnifred. The only question is whether Gayler's intention to make the gift, coupled with the delivery of the savings bank books to Mrs. Preston for Winnifred, and Winnifred's intention to accept the money as a gift is sufficient in law to constitute a valid inter vivos gift. Our conclusion is that the Probate Court was not in error in holding that there was a completed gift.

To sustain the contention that there was no completed gift, appellant cites such cases as *Stiffts* v. *Worthen,* 176 Ark. 585, 3 S. W. 2d 316, *Neal* v. *Neal,* 194 Ark. 226, 106 S. W. 2d 595, *Krickerberg* v. *Hoff,* 201 Ark. 63, 143 S. W. 2d 560, and *Bennett* v. *Miles,* 212 Ark. 273, 205 S. W. 2d 451, but in all of those cases there was a finding that there had been no delivery of the alleged gift.

In the case at bar, the great preponderance of the evidence is that Gayler gave the money in the savings deposits, represented by the bank books, to Mrs. Preston for Winnifred. In *Carter* v. *Walker,* 200 Ark. 465, 139 S. W. 2d 233, the Court quoted from *Lowe* v. *Hart,* 93 Ark. 548, 125 S. W. 1030, as follows: "To constitute a valid gift *inter vivos,* the donor must have been of sound mind, must have actully delivered the property to the donee, and must have intended to pass title immediately, and the donee must have accepted the gift." In *Williams*

v. *Smith,* 66 Ark. 299, 50 S. W. 513, the Court said: "If the gift be intended *in presenti,* and be accompanied with such delivery as the nature of the property will admit, and the circumstances and situation of the parties render reasonably possible, it operates at once, and, as between the parties, becomes irrevocable. *Such delivery may be made to a bailee as effectually as to a donee in person.*" (Our italics). In *McCoy's Administrator* v. *McCoy,* 126 Ky. 783, 104 S. W. 1031, the Court said: "The authorities hold, almost without exception, that the delivery of a pass or deposit book in a savings bank transfers the money on deposit to the donee." Citing numerous cases. To the same effect are the cases of *Goodson* v. *Liles,* 209 Ala. 335, 96 So. 262, *Brodrick* v. *O'Connor,* 271 Mass. 240, 171 N. E. 479, and *Dellepaine* v. *Hynes,* 83 Cal. App. 604, 257 P. 180.

The Probate Court's finding that all the requisites for a valid *inter vivos* gift are present in the case at bar is not against the preponderance of the evidence. The judgment is therefore affirmed.