ALTA RISOR, ADM'X *v.* GORDON BROWN

5-4498                                    426 S. W. 2d 810

Opinion delivered April 22, 1968

*Smith, Williams, Friday & Bowen,* for appellant.

*Moses, McClellan, Arnold, Owen & McDermott,* for appellee.

*Lyle Williams,* for amicus curiae, Commissioner of Revenues B. Bryan Larey.

CARLETON HARRIS, Chief Justice. The question at issue on this appeal is whether a part of the federal and state estate tax paid by Alta Risor, Administratrix of the estate of Oddie M. Anderson, deceased, is to be apportioned against the inter vivos donee of stock, Gordon Brown, appellee, such stock being included in the gross taxable estate, or whether the tax is entirely payable from the residuary estate. Brown received an inter vivos gift of stock from Mrs. Anderson on March 4, 1964, in the amount of $22,000.00. At the time the gift was made, Oddie M. Anderson was 86 years of age, had been bed-

ridden for over 2 years, and was paralyzed on her entire left side as a result of strokes suffered in December, 1962, and September, 1963. She died testate 7½ months after making the gift, leaving a specific bequest to appellee in the amount of $350.00. Both the federal and state estate tax returns were filed in January, 1966, by the decedent's personal representative, and all taxes due were paid from assets in the probate estate. Soon thereafter, the Internal Revenue Service examined the return, and determined that the $22,000.00 gift to Brown, made within 3 years of Mrs. Anderson's death, was a transfer in contemplation of death within the provisions of Section 2035 of .the Internal Revenue Code (26 U. S. C.), and was subject to the federal estate tax. Assessment was made in accordance with this determination, and $3,022.04 in taxes, plus $176.56 in interest, was paid to the United States and the state of Arkansas by the personal representative. Mrs. Risor instituted an action in the Pulaski County Probate Court, seeking an order decreeing that Brown was a distributee and beneficiary of the estate of Mrs. Anderson within the meaning of the Arkansas apportionment statute, Ark. Stat. Ann. § 63-150 (Supp. 1967); that he was liable for his proportionate share of the federal and state estate taxes paid by the personal representative, and it was prayed that appellee be required to pay to Mrs. Risor, the administratrix, his proportionate share of the taxes, plus his proportionate share of all interest paid to the Internal Revenue Service on account of the gift made to him by the decedent. On trial, the court dismissed the action, holding that Brown was only liable for his pro rata part of the state and federal estate taxes due on the $350.00, which he received as a legatee under the will of Mrs. Anderson, thus in effect holding that Brown was neither a distributee nor beneficiary of the decedent's estate within the meaning of Section 63-150. From the judgment so entered, the administratrix brings this appeal.

It is regrettable that we cannot decide this case on its merits, since the question involved has not been here-

tofore passed upon, and is of some importance. However, the Probate Court had no authority to determine the issue before us, *i. e.,* it had no jurisdiction of the subject-matter. In *Shane* v. *Dickson,* 111 Ark. 353, 163 S. W. 1140, we said:

"This contention involves a misconception as to the nature of this action. It is not a matter 'relative to the probate of wills, the estate of deceased persons, executors, administrators,' etc., but is a suit by the executor to recover a debt due the estate. The probate court has no jurisdiction of contests between an executor or administrator and third parties over property rights or the collection of debts due the estate. Its jurisdiction is confined to the administration of assets which come under its control, and, incidentally, to compel discovery of assets. ['Citing cases.]"

This court has been very strict where the matter of the jurisdiction of the trial court is involved. We have held that the question of jurisdiction of the subject matter cannot be waived, but is always open, and may be raised for the first time on appeal. See *Magnet Cove Barium* v. *Watt,* 215 Ark. 170, 219 S. W. 2d 761, and cases cited therein. As recently as April, 1967, in *Catlett* v. *Republican Party of Arkansas,* 242 Ark. 283, 413 S. W. 2d 651, we held that it is immaterial that the parties have not raised the issue of jurisdiction, and, though both sides ask this court to pass on the question at issue, we cannot do so where the trial court had no jurisdiction.

In the present litigation, the question of jurisdiction is raised, albeit the record is not in very good shape. The question was presented to the trial court, but an abbreviated record was sent to this court, which did not include that portion of the record wherein appellee raised the question of jurisdiction, nor is the order of the court, wherein it held that the Probate Court had jurisdiction, included in the transcript. Appellee does

argue that the Probate Court had no jurisdiction, and in her reply brief appellant includes a copy of the court's order, wherein it overruled appellee's motion relative to jurisdiction, and held the court had jurisdiction over the cause of action. At any rate, we held in *Price v. Madison County Bank,* 90 Ark. 195, 118 S. W. 706, that, even though the question of jurisdiction is not raised, "yet the question of jurisdiction of the subject-matter always presents itself, for it is well settled that consent cannot give jurisdiction of the subject-matter where none exists. [Citing cases]" In *McCain, Commissioner of Labor v. Crossett Lumber Company,* 206 Ark. 51, 174 S. W. 2d 114, this court stated that the question of jurisdiction "presents itself, and must be determined by the court."

In the present case, the suit is not a matter "relative to the probate of wills, the estate of deceased persons, executors, administrators, etc.," but is actually a suit by the administratrix seeking contribution from one she alleges to be a distributee and beneficiary (under the provisions of Section 63-150). As pointed out in *Shane,* the Probate Court's jurisdiction was "confined to the administration of assets which come under its control," *i. e.,* assets which were a part of the estate devised or bequeathed by Mrs. Anderson in her will.

In accordance with what has been said, the judgment of the Pulaski County Probate Court is reversed, and, matters of contribution[1] being cognizable in courts of equity, the cause is remanded with directions to transfer same to the Pulaski County Chancery Court.

It is so ordered.

---

[1]According to 37 A.L.R. 2d 172, "The doctrine had its origin in courts of equity upon the principle that equality among those in aequali jure is deemed to be equity. 13 Am Jur 6, 7, Contribution §§ 3, 4."