OPINION OF THE COURT
Bertram R. Gelfand, J.
In this probate proceeding, decedent’s wife seeks, inter alia, to be appointed sole trustee pursuant to her nomination in the propounded instrument. The trust in question provides that the net income is to be applied to such extent and at such times, as the sole discretion of the trustee dictates for the benefit of one or more members of a class consisting of decedent’s wife and his descendants. It is noted that this trust does not present the problem of a merger of the wife’s legal interest as trustee and her equitable life estate as a beneficiary with the consequence that no trust remains. The doctrine of merger is only applicable when the same person is both the sole trustee and sole beneficiary of the same interest. This is not the case in the instant matter inasmuch as decedent’s daughter is presently also an income beneficiary of the trust (see Matter of Phipps, 2 NY2d 105, 108). Nevertheless, the provisions of EPTL 10-10.1, inter alia, explicitly preclude a trustee of an express trust from exercising a power to make a discretionary distribution of principal or income to himself. If there was a cotrustee who was not also so disqualified he could exercise the power. When, as in the case at bar, there is no trustee to exercise the power, the statute provides that its execution devolves on the court. The court *1085 having jurisdiction of the trust is afforded the discretion of either exercising the power itself or designating a cotrustee for this purpose (9B Rohan, NY Civ Prac, par 10-10.1 [4]; Glasser, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 10-10.1, p 255, 1982-1983 Pocket Part).
It might make sense for the court not to saddle the trust with the appointment of a cotrustee and to reserve to itself the manner of the execution of the power when it relates to a power to distribute principal because it is possible that the trustee-beneficiary might never, or at least only infrequently, seek to exercise such a power in favor of himself. However, where, as in the instant matter, the power involves an ongoing exercise of discretion as to who shall receive how much income, the court’s continual exercise of this power would be tantamount to its acting as a full-time cotrustee of this trust. Such a course is inappropriate and will potentially burden the trust with more expense from periodic applications relative to the income than the statutory commissions which a cotrustee would earn. It is accordingly determined that the only viable alternative is for the appointment of a cotrustee who alone shall have the power to make the discretionary distribution of income to decedent’s wife or descendants. Seymour S. Kane, Esq., who is referred to as decedent’s friend in the will, is nominated therein as successor trustee to serve without bond, and is acting as attorney for petitioner on this application, unless he does not want to serve, would appear to be the appropriate person to be appointed cotrustee. If Mr. Kane does not wish to serve as a trustee and he files a renunciation, the court will consider any nomination that is consented to by petitioner and her daughter upon the nominee’s filing an affidavit as to his or her qualifications and an oath and designation.