Joseph R. (Buz) HOOPER, Boyd BOND, and The HOOPER-BOND COMPANY *v.* Don RAGAR and HOOPER-BOND LIMITED PARTNERSHIP FUND III

86-62 711 S.W.2d 148

Supreme Court of Arkansas
Opinion delivered June 2, 1986

*Mitchell, Williams, Selig, Jackson & Tucker*, by: *W. Christopher Barrier* and *Tracy A. Barger*, for appellants.

*Wilson, Wood & Hargis*, by: *David M. Hargis*, for appellees.

GEORGE ROSE SMITH, Justice. The primary argument submitted by the appellants on this appeal is that the circuit court was so lacking in jurisdiction of the subject matter that its judgment was void and should be set aside. We find no merit in this argument, or in the appellants' subordinate contentions, and affirm the judgment.

In 1979 the two individual appellants, Hooper and Bond, as general partners, organized a limited partnership for the purpose of buying, subdividing, and selling a 20-acre tract of land west of Little Rock. The limited partners were a number of investors in the venture, which was to be managed by the two general partners, both being realtors. One of the investors was the appellee Don Ragar, who had a 7.5% interest in the venture as a limited partner. He filed this suit as a derivative action on behalf of the limited partnership and its limited partners. The defendants are the two general partners and the corporation that was organized to handle the real estate transactions.

The complaint alleged, and the plaintiffs' proof sufficiently showed, that the general partners had been guilty of fraud in obtaining the investors' approval of sales at below market value and in obtaining for themselves, in violation of their fiduciary duties, secret profits as developers of the property in question. The general partners filed a counterclaim asserting that Ragar had

slandered them and had tortiously interfered with their business relationships.

There is no need for a detailed narration of the extensive testimony considered by the jury. The causes of action asserted in the complaint and the counterclaim for slander were submitted to the jury. The court's instructions explained the law with respect to the allegations of fraud, negligence, and violation of fiduciary obligations and with respect to the general partners' counterclaim for slander. The jury returned a general verdict for the plaintiffs for $150,000, refused to award them punitive damages, and refused to award damages on the counterclaim. This appeal is from the ensuing judgment for $150,000.

The appellants argue that Ragar's suit is essentially one for an accounting and settlement of the partnership affairs, as to which the jurisdiction of the chancery court is practically exclusive. *Tankersley* v. *Patterson*, 176 Ark. 1013, 5 S.W.2d 309 (1928). Hence, it is said, the circuit court had no jurisdiction of the subject matter, so that the entire proceeding in that court was a nullity. There was no objection in the lower court to its jurisdiction, but the argument is that a lack of subject matter jurisdiction may be raised at any time.

We have discussed this issue at some length in another case decided today and need not repeat what was said there. *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). As we explained, subject matter jurisdiction in one sense means power and may be exclusively vested in a particular court. For example, the circuit court has exclusive jurisdiction of election contests, the chancery court of divorce cases, and the probate court of the probating of wills. No other court has the power to entertain and decide such cases.

The present litigation, however, does not come within that category. No doubt the complaint might have been drafted as a suit for an accounting and have been filed in chancery. That was not done. The complaint asserted causes of action in tort for fraudulent misrepresentations and for negligence. By counterclaim the general partners sought damages for slander, another tort. As so often happens, the case might have been tried either in the circuit court or in chancery. In such situations the choice of forum is usually made by the parties and the trial court. More

often than not it is made without discussion. Here the lawyers and the trial judge tacitly recognized the jurisdiction of the circuit court and went ahead with the trial. The appellants have had their day in court and are not entitled to a second chance.

 Another argument is that the trial judge should have directed a verdict for the defendants, because the plaintiffs failed to prove the element of proximate cause. As abstracted, the only motion for a directed verdict was worded as a renewal of the defense motion for summary judgment. That motion was based on a supporting affidavit which is not abstracted. Civil Procedure Rule 50 states: "A motion for a directed verdict shall state the specific grounds therefor." The appellants now argue proximate causation, but it is not shown that such a contention was made below. In fact, there is no showing that either the motion for summary judgment or the motion for a directed verdict was ever ruled upon. We conclude that the case was allowed to go to the jury without the sufficiency of the evidence having been properly questioned. Actually, there were issues of fact for the jury. No error on the part of the trial court is shown.

 The appellants' third argument is based on a novel attempt by defense counsel to have witnesses testify by power of attorney. Before the trial a number of the limited partners executed affidavits in which each one set forth his understanding of certain facts and then appointed Larry Wilson "to express my views on these subjects." At the trial counsel for the defendants, instead of calling the limited partners to testify, proffered their affidavits and sought to have Wilson testify for them. The trial court was right in refusing the proffer. Wilson's testimony about what the partners would have said would obviously have been hearsay, with the affiants not being subject to cross-examination.

A final argument is that the trial court should not have admitted testimony about a transaction that occurred so long before the filing of the suit as to be within the statute of limitations. There was no such objection in the trial court. The point cannot be raised for the first time on appeal.

Affirmed.

HOLT, C.J., and PURTLE, J., not participating.