Joan EDDLEMAN *v.* ESTATE OF Barney Eugene FARMER, Deceased

87-275                                          740 S.W.2d 141

Supreme Court of Arkansas
Opinion delivered November 30, 1987

*Robert G. Millar*, and *Lody & Arnold, Attorneys at Law, P.A.*, by: *Dale R. Arnold* and *Wesley G. Lody*, for appellant.

*Edwards & Edwards*, by: *N.D. Edwards*, and *M. Ray Edwards*, for appellee.

ROBERT H. DUDLEY, Justice. The principal issue in this case is whether the probate court erred in admitting the decedent's will to probate. We find no error in admitting the will to probate.

The decedent, Barney Eugene Farmer, prepared his own typewritten will and, by it, left everything to one of his daughters, Betty Lou Farmer. His other daughter, appellant Joan Eddleman, contends that the will is invalid because an exhibit was not attached to the will.

In the third paragraph of the will the decedent bequeathed everything that he owned to Betty Lou Farmer. In the sixth paragraph he wrote:

It is my desire for Betty Lou to have our home place

and the entire contents. All my possessions, personal property, including money, tools, clothes; everything thereon and therein to have and hold and do with as she pleases. Exhibit A to this will is a Deed complete with legal description indicating "rights of survivorship so that probate will not be necessary on this item. . . ."

In the residuary clause he also left everything he owned to Betty Lou Farmer.

Approximately two weeks before he died the decedent sold his homeplace, which had been described in "exhibit A." Not surprisingly then, the deed, or "exhibit A," conveying the homeplace to Betty Lou Farmer was not attached to the will and was never found.

Wills may validly incorporate by reference a document or paper, not witnessed as a will, if it was in existence at the time of the execution of the will and is identified by clear proof. *Montgomery* v. *Blankenship*, 271 Ark. 357, 361, 230 S.W.2d 51, 54 (1950); Ark. Stat. Ann. § 60-418 (Supp. 1985). The appellant argues that, since "exhibit A" was not offered in probate, the entire will, and not just the provision containing "exhibit A," must fail.

The appellant does not cite any authority for her point, nor does she make a convincing argument for it, and it is not apparent without further research that the point is well taken. Therefore, we affirm the point. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

The appellant next argues that the will must fail because the decedent, at the time of making the will, was suffering under the insane delusions that Betty Lou Farmer was his daughter and that he had adequately provided for his other daughter, the appellant. We find no merit in the argument.

In *Taylor* v. *McClintock*, 87 Ark. 243, 277, 11 S.W. 405, 413 (1908), this Court stated:

Where one conceives something extravagant, and believes it as a fact, when in reality it has no existence, but is purely a product of the imagination, and where such belief is so persistent and permanent that the one who entertains it

cannot be convinced by any evidence or argument to the contrary, such a one is possessed of an insane delusion.

However, as we pointed out in *Huffman* v. *Dawkins*, 273 Ark. 520, 526, 622 S.W.2d 159, 162 (1981), "[i]f there is *any* basis in fact of the delusion, or if it is not proved that the will was a product of the delusion, such a delusion will not warrant setting aside a legal document."

We cannot say that the Probate Judge was clearly erroneous in ruling that there were factual bases for each of the alleged delusions. The mother of Betty Lou Farmer testified that she was separated from her then husband, Hodge Rhodes, at the time Betty Lou was conceived and that the decedent was the father. A delayed birth certificate reflected that decedent was the father, and the decedent's girlfriend testified that he referred to Betty Lou as "the kid," and he was mentally competent. As to the allegation that he was suffering from the delusion that he had provided for his other daughter, the appellant, we need only point out that he left $15,000.00 worth of bonds in which she was the payee. Thus, there were bases of fact to support the alleged delusions, and, therefore, the will should not be set aside.

Appellant next argues that the probate court erred in refusing to invalidate the will on the ground of undue influence. Again, the argument is without merit. The decedent's daughter, Betty Lou Farmer, lived with him and cared for him. The decedent's will simply reflected his affection for Betty Lou. There was no evidence of fear, coercion, or the deprivation of free agency on the part of the decedent. The influence of Betty Lou cannot be termed undue. As we explained in *Rose* v. *Dunn*, 284 Ark. 42, 45, 679 S.W.2d 180, 182 (1984):

> Undue influence which avoids a will is not the influence which springs from natural affection or kind offices, but is such as results from fear, coercion, or any other cause that deprives the testator of his free agency in the disposition of his property, and it must be specially directed toward the object of procuring a will in the favor of particular parties.

Appellant's final argument concerns a contingent tort claim which she filed against the estate in probate court. The

contingent claim was not filed as a notice to the probate court that a separate tort action was being filed in circuit court. *See Wolfe* v. *Herndon*, 234 Ark. 543, 353 S.W.2d 540 (1962); Ark. Stat. Ann. § 62-2602 (Repl. 1971). Instead, it was filed as a contingent tort claim for damages as the result of sexual abuse, with the merits of the case to be tried by the probate court. The estate responded on the merits and pleaded that the statute of limitation had run on the tort claim. The appellant then pleaded that the limitation had not run because she was incompetent and, therefore, fell within the savings provisions of Ark. Stat. Ann. § 37-226 (Repl. 1962). The probate court ruled that the statute of limitation had run and dismissed the tort action. We must reverse this ruling because the probate court did not have jurisdiction to rule in the tort suit.

In Arkansas, the probate court is a court of special and limited jurisdiction, having only such jurisdiction and powers as are conferred by the constitution or by statute, or necessarily incidental to the exercise of the jurisdiction and powers specifically granted. *Hilburn* v. *First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976). Nothing is said about the trial of tort cases in the probate court in the constitutional provision. *See* Ark. Const. art. 7, § 34, *as amended by* Ark. Const. amend. 24. The decision on the tort claim was without the jurisdiction of the probate court and, therefore, void. *See Carpenter* v. *Logan*, 281 Ark. 184, 662 S.W.2d 808 (1984); *Moss* v. *Moose*, 184 Ark. 798, 44 S.W.2d 825 (1931). Accordingly, we must reverse on this point of appeal and hold that an unliquidated contingent tort claim is still pending.

Affirmed in part; reversed in part.