The ESTATE OF J.D. PUDDY, Jr., Deceased
*v.* James GILLAM

CA 89-98                                                      785 S.W.2d 254

Court of Appeals of Arkansas
En Banc
Opinion delivered March 14, 1990
[Rehearing denied August 22, 1990.]

*Stripling & Morgan,* by: *Dan Stripling,* for appellant.

*Robert R. Cortinez,* for appellee.

MELVIN MAYFIELD, Judge. The administrator of the estate of J.D. Puddy, Jr., filed a petition in the Probate Court of Van Buren County seeking a judgment for the amount alleged to be due the estate by appellee, James Gillam. The appellee filed an answer denying that he was indebted to the estate and denying that a judgment for any amount should be entered against him.

At a hearing on the petition, the administrator presented evidence that at the time of Puddy's death on November 19, 1987, Puddy had in his possession a check for $10,000.00, drawn on the farm account of James Gillam, and signed by James Gillam. Although the check had the notation "Loan" on it, the estate contended that Gillam was actually indebted to Puddy for that amount. Gillam contended that the check was a loan to Puddy.

After the estate introduced its evidence and rested, Gillam moved that the claim be dismissed. The motion was granted on the finding that the estate had not made a prima facie case. The estate has appealed from that ruling, but we are unable to decide the matter on its merits because the probate court had no jurisdiction over the matter presented.

Article 7, § 34, of the Arkansas Constitution, as amended by Amendment 24, provides that courts of probate shall have "such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound minds and their estates, as is now rested in courts of probate, or may be hereafter prescribed by law." Statutory jurisdiction, pertinent to this case, is stated in Ark. Code Ann. § 28-1-104 (1987) (formerly Ark. Stat. Ann. § 62-2004(b) (Repl. 1971)) as follows:

(a) The probate court shall have jurisdiction over:

(1) The administration, settlement, and distribution of

estates of decedents.

In *Hilburn* v. *First State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976), the decedent's mother, Jewel Hilburn, filed exceptions to the administrator's inventory on the ground that the real estate listed in the inventory did not belong to the decedent. The administrator then filed a petition asking that it be authorized to sell all the estate's property, and Mrs. Hilburn filed a response again alleging that the real estate sought to be sold belonged to her because the deed to the realty had been obtained from her by fraud and undue influence. The probate court held against Ms. Hilburn, but the Arkansas Supreme Court reversed on the holding that the probate court order was void for lack of jurisdiction. The court first noted that Ms. Hilburn was not an heir, distributee or devisee of her son, or a beneficiary of or claimant against her son's estate, but a "third person" or "stranger to the estate." The court then discussed the jurisdiction of the probate court, saying:

> The probate court is a court of special and limited jurisdiction, even though it is a court of superior and general jurisdiction within those limits. . . . It has only such jurisdiction and powers as are expressly conferred by statute or the constitution, or necessarily incident thereto.

259 Ark. at 572 (citations omitted). The court then stated that "the probate court's lack of jurisdiction to determine contests over property rights and titles between the personal representative and third parties or strangers to the estate has long been recognized." The court also discussed other cases, some of which held or indicated that lack of jurisdiction could be waived. The court in *Hilburn* concluded, however, that those cases were "aberrations," and said "it is not only the right but the duty of this court to determine whether it has jurisdiction of the subject matter."

The case of *Shane* v. *Dickson*, 111 Ark. 353, 163 S.W. 1140 (1914), addressed the issue now before us. In that case, the appellee, as executor of the decedent's last will and testament, instituted an action in circuit court against the husband of the decedent to recover $1,200.00 alleged to be due for money borrowed from the decedent. After a trial, the court determined there was a balance due of $853.69 and rendered judgment in that

amount for the appellee. On appeal, the appellant contended that the circuit court was without jurisdiction to determine the case because the probate court had exclusive jurisdiction in matters relative to the probate of wills and the estates of deceased persons, executors and administrators. The Arkansas Supreme Court said:

> This contention involves a misconception as to the nature of this action. It is not a matter "relative to the probate of wills, the estate of deceased persons, executors, administrators," etc., but is a suit by the executor to recover a debt due the estate. The probate court has no jurisdiction of contests between an executor or administrator and third parties over property rights *or the collection of debts due the estate.* Its jurisdiction is confined to the administration of assets which come under its control, and, incidentally, to compel discovery of assets. . . .
>
> The suit was therefore properly brought in the circuit court.

111 Ark. at 357 (citations omitted) (emphasis added).

Likewise in the instant case, Gillam is not an heir, distributee, or beneficiary, and was therefore a "third" person or "stranger to the estate." *Shane* v. *Dickson* was cited in *Ellsworth* v. *Cornes*, 204 Ark. 756, 165 S.W.2d 57 (1942), where the court said:

> Aside from this phase of the case, we are convinced that the order of the probate court was void for want of jurisdiction to make it. Throughout its history, this court has held that probate courts are without jurisdiction to hear contests of and determine the title to property between personal representatives of deceased persons and third persons claiming title adversely to the estates of deceased persons.

204 Ark. at 765.

While *Shane* v. *Dickson, supra,* was decided prior to the adoption of Amendment 24 to our constitution in 1938, the jurisdiction of the probate court, so far as the issue here is concerned, was the same—"exclusive original jurisdiction in

matters relative to the probate of wills, the estates of deceased persons, executors, administrators . . . ." *See* Complier's Note, Ark. Const. art. 7 § 34, Ark. Stat. Ann. (1947).

In *Risor* v. *Brown*, 244 Ark. 663, 426 S.W.2d 810 (1968), involving probate jurisdiction long after the adoption of Amendment 24, the court cited *Shane* v. *Dickson* in the following holding:

> In the present case, the suit is not a matter "relative to the probate of wills, the estate of deceased persons, executors, administrators, etc.," but is actually a suit by the administratrix seeking contribution from one she alleges to be a distributee and beneficiary (under the provisions of Section 63-150). As pointed out in *Shane*, the Probate Court's jurisdiction was "confined to the administration of assets which come under its control," *i.e.*, assets which were a part of the estate devised or bequeathed by Mrs. Anderson in her will.

244 Ark. at 666.

In *Merrell* v. *Smith*, 226 Ark. 1016, 295 S.W.2d 624 (1956), it was held that the probate court did not have jurisdiction to require specific performance of an agreement the testatrix allegedly made to leave her property to the appellants. The court said while the probate court properly admitted the will to probate, it lacked jurisdiction to decide the issue of specific performance. And in a recent case, *Eddleman* v. *Estate of Farmer*, 294 Ark. 8, 740 S.W.2d 141 (1987), a tort claim was filed in probate court against an estate. The probate court ruled that the statute of limitation had run and dismissed the tort action. The Arkansas Supreme Court reversed this ruling because the probate court did not have jurisdiction of the tort case.

█ It is our conclusion that in the case at bar, the probate court did not have jurisdiction of the suit by the administrator of the estate to collect a debt alleged to be due to the estate by the appellee. Therefore, we reverse the probate court's granting of appellee's motion for directed verdict, or dismissal of claim, on the administrator's suit to recover the alleged debt. The court's ruling was void.

The dissenting opinion agrees that *Hilburn, supra,* as well as

other cases, supports our holding that the probate court lacked subject matter jurisdiction of the petition filed by the administrator in this case. The dissent states, however, that the issue is not "clear" and cites cases which the dissent contends "arguably would support a holding to the contrary."

One case cited is *Deal* v. *Huddleston*, 288 Ark. 96, 702 S.W.2d 404 (1986), which held that the probate court had subject matter jurisdiction of a petition filed by the executrix, who was a daughter of the deceased, against her two brothers, who were sons of the deceased. The executrix alleged her brothers had wrongfully taken various articles belonging to the estate, and she asked that they be directed to return this property. The Arkansas Supreme Court cited *Snow* v. *Martensen*, 255 Ark. 1049, 505 S.W.2d 20 (1974), and *Keenan* v. *Peevy*, 267 Ark. 218, 590 S.W.2d 259 (1979), as authority for its holding that the probate court had jurisdiction of the petition in *Deal*. The court said it had concluded in *Snow* v. *Martensen* "that 'the better rule would be that the probate courts do have jurisdiction to determine the ownership of property . . . as between personal representatives claiming for the estates and heirs or beneficiaries claiming adversely to the estates.' " And the court in *Deal* added that it had in the *Keenan* v. *Peevy* case "echoed the statement in *Snow*."

The *Snow* v. *Martensen* case is cited in the dissent to the opinion in the instant case and was cited in the *Hilburn* case which we have above discussed. However, there is no conflict between the two cases. Our supreme court said in *Hilburn* that the probate court had no jurisdiction over the petition filed by the decedent's mother who was not an heir, distributee or devisee of her deceased son, or a beneficiary of or claimant against his estate, but a "third person" or "stranger" to that estate; and the court cited *Snow* v. *Martensen* and said that case reversed the probate court's dismissal "of a challenge by beneficiaries under the will of the decedent to the inventory filed by the personal representative who was the other beneficiary." Thus, *Hilburn*, *Snow*, *Keenan* and *Deal* are all consistent.

The dissenting opinion also cites *Hartman* v. *Hartman*, 228 Ark. 692, 309 S.W.2d 737 (1958); *Hobbs* v. *Collins*, 234 Ark. 779, 354 S.W.2d 551 (1962); and *Park* v. *McClemens*, 231 Ark. 983, 334 S.W.2d 709 (1960), as cases which "arguably" would

support a holding contrary to our conclusion in the instant case. However, those cases were also cited in *Hilburn* which said that *Hartman* v. *Hartman* and *Park* v. *McClemens* (upon which *Hobbs* v. *Collins* had relied) were both "aberrations." *See* 259 Ark. at 575.

The dissent also cites *Hooper* v. *Ragar*, 289 Ark. 152, 711 S.W.2d 148 (1986), and *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), as "applicable by analogy" and suggests that they show "an inclination" by our supreme court "to follow the trend of foreclosing the issue of subject matter jurisdiction when the issue has not been raised." The dissent then makes the statement that "because I do not think the probate court had no tenable nexus whatever to the claim below, I would treat the matter as 'one of propriety,' " and concludes that by raising the issue of lack of jurisdiction *sua sponte* we lose the benefit of briefs on the issue by the parties in the case.

However, we do not agree that *Hooper* and *Liles* are "applicable by analogy" to the jurisdictional issue here. Both of those cases involved situations where the jurisdictional issue was clearly different from the one in the instant case and both of these cases recognized and commented on this point. In *Liles* the court said:

Of course, where the exclusive jurisdiction to adjudicate a matter has been placed by the constitution or by statute in some other court, *such as probate matters in the probate court* or bastardy proceedings in the county court, the question of subject matter jurisdiction may not be waived and the chancery court is totally without power.

289 Ark. at 176 (emphasis added). And in *Hooper* the court referred to the *Liles* decision and said:

As we explained, subject matter jurisdiction in one sense means power and may be exclusively vested in a particular court. For example, the circuit court has exclusive jurisdiction of election contests, the chancery court of divorce cases, and the probate court of the probating of wills. No other court has the power to entertain and decide such cases.

289 Ark. at 154.

In the final analysis, *Hilburn* v. *First State Bank of Springdale, supra,* was decided by the Arkansas Supreme Court, we think it is on point and controlling in the instant case, and it is our duty to follow it. The instant case is very simply an attempt by the administrator of an estate to obtain a money judgment in probate court for the estate against one who is a "third person" or "stranger" to the estate. The suit does not come within the constitutional and statutory jurisdiction of the probate court. That was the holding in *Hilburn,* and if that were not still the law, our supreme court would not have held in *Eddleman* v. *Estate of Farmer, supra,* that the probate court did not have jurisdiction of a tort claim filed against an estate.

■ As for raising the jurisdictional question *sua sponte, Hilburn* said "it is not only the right but the duty of this court to determine whether it has jurisdiction of the subject matter." 259 Ark. at 576. In *Liles* v. *Liles, supra,* cited in the dissenting opinion, the court recognized that *Hilburn* stands for this proposition. 289 Ark. at 174. And in regard to input from counsel for the parties, the rules allow the filing of a petition for rehearing and briefs on the jurisdictional issue may be filed by both parties in support of and response to the petition for rehearing.

We think, however, that it is not necessary to dismiss the suit against the appellee but that it can be transferred to circuit court. In *Hilburn, supra,* upon finding the probate court to be without jurisdiction, the Arkansas Supreme Court reversed the probate court and remanded with directions to transfer the contest to chancery court. Also, in *Cummings* v. *Fingers,* 296 Ark. 276, 753 S.W.2d 865 (1988), because of the circuit court's lack of jurisdiction to grant the relief sought, the Arkansas Supreme Court, citing *Hilburn,* reversed and remanded with directions to transfer the cause to chancery court. 296 Ark. at 281.

Furthermore, Ark. Code Ann. § 28-1-114(b) (1987) provides that the procedure in probate courts, except as otherwise provided, shall be the same as in courts of equity, and chancery courts are specifically authorized to transfer matters to circuit court. *See* Ark. Code Ann. § 16-13-401 (1987).

■ We therefore reverse and remand with directions to transfer this suit against the appellee to circuit court.

JENNINGS, J., dissents.

JOHN E. JENNINGS, Judge, dissenting. I cannot agree that the answer to the question whether the trial court had "subject matter jurisdiction" is clear. I do agree that these cases, cited by the majority, support the argument that the probate court lacked subject matter jurisdiction: *Hilburn* v. *First State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976); *Risor* v. *Brown*, 244 Ark. 663, 426 S.W.2d 810 (1968); *Ellsworth* v. *Cornes*, 204 Ark. 756, 165 S.W.2d 57 (1942); *Shane* v. *Dickson*, 111 Ark. 353, 163 S.W. 1140 (1914). The majority's position on this issue is also supported by *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.*, 185 Ark. 20, 45 S.W.2d 508 (1932). The following cases, however, at least arguably would support a holding to the contrary: *Deal* v. *Huddleston*, 288 Ark. 96, 702 S.W.2d 404 (1986); *Keenan* v. *Peevy*, 267 Ark. 218, 590 S.W.2d 259 (1979); *Snow* v. *Martensen*, 255 Ark. 1049, 505 S.W.2d 20 (1974); *Hobbs* v. *Collins*, 234 Ark. 779, 354 S.W.2d 551 (1962); *Park* v. *McClemens*, 231 Ark. 983, 334 S.W.2d 709 (1960); *Carlson* v. *Carlson*, 224 Ark. 284, 273 S.W.2d 542 (1954); *Thomas* v. *Thomas*, 150 Ark. 43, 233 S.W. 808 (1921). Confusion in this area has periodically been acknowledged. *See, e.g., Hartman* v. *Hartman*, 228 Ark. 692, 309 S.W.2d 737 (1958); *Hilburn, supra; Deal, supra.*

Historically, the supreme court has taken a restrictive approach in determining the jurisdiction of probate court. This has not been entirely a function of constitutional limitations. *See, e.g., Moss* v. *Moose*, 184 Ark. 798, 44 S.W.2d 825 (1931). Some of the reasons for taking a restrictive approach no longer exist. As late as 1931, the supreme court said of probate judges: "Some possibly are dishonest, many are not wise or discriminating." *Moss* v. *Moose*, 184 Ark. at 802. Today all probate judges are chancellors; an increasing number are also circuit judges.

Traditionally, if a court acts outside of the constitutional or statutory provisions defining its subject matter jurisdiction, any resulting judgment would be *coram non judice* and void. *See* R. Casad, *Jurisdiction in Civil Actions* § 1.01[1] (1983); *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.*, 185 Ark. 20, 45 S.W.2d 508 (1932). *See also Eddleman* v. *Estate of Farmer*, 294 Ark. 8, 740 S.W.2d 141 (1987); *Filk* v. *Beatty*, 298 Ark. 40, 764

S.W.2d 454 (1989). Professor Casad, however, notes:

> Actually, the effect of a court exceeding the limits of its subject matter jurisdiction is not as cut-and-dried a matter as traditional doctrine would suggest. The issue of subject matter jurisdiction can, in fact, be foreclosed in some situations.

Casad, *supra*; *see also* Dobbs, *The Validation of Void Judgments: The Bootstrap Principle*, 53 Va. L. Rev. 1003 (1967). There is certainly authority in Arkansas for foreclosing the issue of subject matter jurisdiction under certain circumstances. *Fancher* v. *Kenner*, 110 Ark. 117, 161 S.W. 166 (1913), suggests that jurisdiction of the probate court may be "acquiesced in." In *Mason* v. *Urban Renewal*, 245 Ark. 837, 434 S.W.2d 614 (1968), the supreme court held that one could be estopped to assert a lack of subject matter jurisdiction. *Taylor* v. *Terry*, 279 Ark. 97, 649 S.W.2d 392 (1983), suggests that the issue must be raised on appeal.

In an article entitled *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988 B.Y.U.L. Rev. 1, Professor Robert Martineau notes that the American Law Institute, both in its *Restatement Second of Judgments* and in its proposal on diversity jurisdiction, suggests that there is no reason why the issue of subject matter jurisdiction cannot be foreclosed in the trial court under the same rules that apply to preserving other types of error. "Namely, counsel must raise it in the trial court, have the objection noted in the record, and then present the issue in the principal brief on appeal." Martineau at p. 33. He says:

> Foreclosing the issue of subject matter jurisdiction is justified because both the other party and the judicial system have been put to substantial expense in time and money to decide the case on the merits. This expense may all have been avoided if the party objecting to subject matter jurisdiction had done so as a preliminary matter prior to trial.

*Id.* at p. 34.

Martineau also notes that "making a requirement that a particular person or type of person be made a party an element of

subject matter jurisdiction cannot be justified by even an expansive interpretation of the concept. Even when the confusion over necessary and indispensable parties was at its height, there was no suggestion that a court's subject matter jurisdiction was involved." *Id.* at p. 26. This observation is particularly applicable to the issue of subject matter jurisdiction in the case at bar because the applicable case law seems to turn, at least in part, on the "type of person" who is a party to the action.

In my view the Arkansas Supreme Court has shown an inclination to follow the trend of foreclosing the issue of subject matter jurisdiction when the issue has not been raised. In *Hooper* v. *Ragar*, 289 Ark. 152, 711 S.W.2d 148 (1986), the primary argument on appeal was that the circuit court lacked jurisdiction to entertain a suit for an accounting and settlement of partnership affairs. The court said:

> Hence, it is said, the circuit court had no jurisdiction of the subject matter, so that the entire proceeding in that court was a nullity. There was no objection in the lower court to its jurisdiction, but the argument is that a lack of subject matter jurisdiction may be raised at any time.
>
> * * *
>
> As we explained [in *Liles* v. *Liles*], subject matter jurisdiction in one sense means power and may be exclusively vested in a particular court. For example, the circuit court has exclusive jurisdiction of election contests, the chancery court of divorce cases, and the probate court of the probating of wills. No other court has the power to entertain and decide such cases.
>
> The present litigation, however, does not come within that category. . . . Here the lawyers and the trial judge tacitly recognized the jurisdiction of the circuit court and went ahead with the trial. The appellants have had their day in court and are not entitled to a second chance.

In *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), decided the same day as *Hooper*, the contention was that the chancery court lacked subject matter jurisdiction to decide a tort claim (fraud). There the court said:

We are not considering whether the plaintiff had a right to have the claim in chancery rather than the circuit court; rather the issue is whether the chancellor had the *power* to determine the matter.

\* \* \*

We noted [in *Crittenden County* v. *Williford*] it is only when the court of equity is "wholly incompetent" to consider the matter before it will we permit the issue of competency to be raised for the first time on appeal.

Viewed together, these cases demonstrate that we have come to the position that unless the chancery court has no tenable nexus whatever to the claim in question we will consider the matter of whether the claim should have been heard there to be one of propriety rather than one of subject matter jurisdiction. We will not raise the issue ourselves, and we will not permit a party to raise it here unless it was raised in the trial court. [Emphasis in original. Citations omitted.]

*See also Horne Brothers, Inc.* v. *Ray Lewis Corp.*, 292 Ark. 477, 731 S.W.2d 190 (1987) (the test is whether the court has no tenable nexus whatever to the claim in question) and *McCoy* v. *Munson*, 294 Ark. 488, 744 S.W.2d 708 (1988). Although neither *Hooper* nor *Liles* involved the issue of the jurisdiction of probate court they seem applicable by analogy.

Because I do not think that the probate court had no tenable nexus whatever to the claim below, I would treat the matter as "one of propriety." Particularly in view of the uncertainty as to whether the probate court did in fact have subject matter jurisdiction, I would not raise the issue *sua sponte*. While I agree with the majority that we have the power to raise the issue of the trial court's subject matter jurisdiction *sua sponte*,[1] I do not agree that we have a duty to do so. The cases which refer to the *duty* of the court to raise the issue of subject matter jurisdiction are cases dealing with the court's *own* jurisdiction. For instance, the lack of an appealable order goes to the appellate court's own jurisdiction

---

[1] *See Coran* v. *Keller*, 295 Ark. 308, 748 S.W.2d 349 (1988).

and is a matter which the appellate court raises *sua sponte. See, e.g., Cigna Ins. Co.* v. *Brisson,* 294 Ark. 504, 744 S.W.2d 716 (1988); *State* v. *Hurst,* 296 Ark. 132, 752 S.W.2d 749 (1988). Likewise, the trial court has a duty to determine whether a case presented to it is within its subject matter jurisdiction. *See generally* 20 Am. Jur. 2d *Courts* § 92 (1965); 21 C.J.S. *Courts* § 114 (1940). There is, however, no *duty* on the part of the appellate court to raise, on its own motion, the issue of the subject matter jurisdiction of the trial court.

There are practical reasons for not raising issues on our own motion. We do not have the benefit of briefs on the issue. We are left to our own research. We lose the benefits of the adversary system. For precisely these reasons we are less likely to arrive at the correct answer when we raise an issue *sua sponte.*[2]

Here, it is not at all clear that the probate court was wholly without subject matter jurisdiction, and it is neither necessary nor the best course of action to raise that issue on our own. Appellant has had its day in court in the forum it selected and is not entitled to a second chance. I would decide the case on the merits.

---

[2] Two recent examples are *Gorchik* v. *Gorchik,* 10 Ark. App. 331, 663 S.W.2d 941 (1984), overruled in *Liles* v. *Liles,* 289 Ark. 159, 711 S.W.2d 447 (1986) and *Travelers Indemnity Co.* v. *Olive's Sporting Goods, Inc.,* 25 Ark. App. 81, 753 S.W.2d 284 (1988), reversed on petition for review *Travelers Indemnity Co.* v. *Olive's Sporting Goods, Inc.,* 297 Ark. 516, 764 S.W.2d 596 (1989).