Olan Victor HAYSE *v.* Rita Kaye HAYSE

CA 81-243                                    630 S.W. 2d 48

Court of Appeals of Arkansas
Opinion delivered March 3, 1982

*Zolper & Everett,* by: *Michael Everett,* for appellant.

*Burton Dabney*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Olan Victor Hayse, appeals from that part of a divorce decree which denies him any interest in the proceeds of a $20,000 money market certificate. During the marriage the appellee, Rita Kaye Hayse, inherited $23,000 from her father who died intestate. From the proceeds of that inheritance she purchased a $20,000 money market certificate in the name of appellee or appellant. When the certificate matured the appellee did not renew it but transferred the proceeds to a bank account in her own name and that of her daughter. Thereafter marital difficulties arose and an action for divorce was filed. The appellant asserted an interest in the proceeds of the money market certificate claiming that he had acquired an interest therein by way of gift from the appellee.

The chancellor after hearing evidence found that the funds were not marital property, that there was no delivery to the appellant, that the inclusion of his name on the certificate did not constitute a gift to him, and denied him any interest in the proceeds of that certificate.

The findings of a chancellor will not be reversed unless clearly against a preponderance of the evidence. Since the question of preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor. Rule 52 (a), Arkansas Rules of Civil Procedure; *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W. 2d 409 (1981).

Appellee testified that she inherited a sum of money from her father's estate from which she purchased a $20,000 certificate of deposit and caused it to be issued in their joint names. Prior to the purchase she had discussed it with her husband and at his suggestion placed it jointly "so if he ever needed to borrow money he would have collateral." He contributed nothing to the purchase money and never made any claim to it. He never had possession of the certificate which was kept in her own deposit box to which he had no key or access. When the certificate matured she did not renew

it but took and deposited the proceeds in another account held in her name and that of her daughter. After the marital difficulties arose she used a portion of that sum to purchase a mobile home in which she resided at the time of the divorce.

The appellant testified that he was aware that his wife inherited the money and that he had talked to her about purchasing the money market certificate. He testified that they expected to build a house with that money but "she went ahead and bought the certificate." He testified that he never saw the certificate, never had it in his hand and never claimed any ownership in it.

Property received by bequest, devise or descent is not "marital property" subject to equal division upon divorce under Ark. Stat. Ann. § 34-1214 (Supp. 1981). The wife's inheritance would not be subject to equal division in the divorce unless by some action she had destroyed its status as non-marital property by creating an interest therein in her husband. The chancellor correctly found that she had not done so.

In order to establish a completed inter vivos gift there must be clear and convincing evidence that there was an actual delivery of the subject matter of the gift with a clear intent to make an immediate present and final gift beyond recall accompanied with an unconditional release of future dominion and control by the donor over the property delivered. *Porterfield* v. *Porterfield*, 253 Ark. 1073, 491 S.W. 2d 48 (1973); *McEntire* v. *Estate of McEntire*, 267 Ark. 169, 590 S.W. 2d 241 (1979).

It is clear from the testimony of the parties that neither contemplated that the purchase of the certificate constituted a gift to the husband of an interest in it. We cannot say that the finding of the chancellor was clearly against a preponderance of the evidence.

Appellant contends, however, that the purchase of the certificate in both names conclusively established her intention to vest an interest in the certificate of deposit in him. He relies upon that language in Ark. Stat. Ann. § 67-552 (a) and

(b) (Supp. 1981) which provides that when a person purchasing a certificate of deposit designates it as being held in joint tenancy with right of survivorship with others or when the designated parties are husband and wife it shall be "conclusive evidence" in any subsequent action of the intention of the parties to vest title in the survivor or survivors. In *Black* v. *Black,* 199 Ark. 609, 135 S.W. 2d 837 (1940) our court held that this provision was passed for the protection of the bank in which the deposit was made. There the court stated:

> The statute effects no investiture of title as between the depositors themselves, but only relieves the bank of the responsibility and duty of making inquiry as to the respective interests of the depositors in the deposit until one of the joint tenants shall give notice in writing that the joint ownership has been dissolved.

We agree with the chancellor that the mere issuance of the certificate of deposit in the names of both parties without other manifestations of intent did not create any interest herein in appellant.

An estate by the entireties in bank deposits differs from such an estate in real property in that the estate exists in the accounts only until one of the tenants withdraws such funds or dies leaving a balance in the account. Funds withdrawn or otherwise diverted from the account by one of the tenants and reduced to that tenant's separate possession ceases to be a part of the estate by the entireties. *Black* v. *Black,* supra; *McEntire* v. *Estate of McEntire,* supra.

The appellant finally contends that the chancellor erred in failing to impose a constructive trust on the mobile home purchase by the appellee with part of the proceeds from this certificate. In view of our disposition of the other points we find no merit in this contention.

We affirm.