Reba GORCHIK *v.* Ray GORCHIK

CA 83-227                                     663 S.W.2d 941

Court of Appeals of Arkansas
En Banc
Opinion delivered February 8, 1984

332

*Howard & Howard,* by: *William H. Howard,* for appellant.

*Harkey, Walmsley, Belew* and *Blankenship*, by: *Leroy Blankenship*, for appellee.

DONALD L. CORBIN, Judge. Appellant, Reba Gorchik, appeals the decision of the chancellor in a divorce action which gave appellee, Ray Gorchik, a money judgment against appellant for $22,557.00 consisting of: (1) a $5,000.00 judgment against appellant to compensate appellee for $5,000.00 he inherited during the marriage; (2) $15,000.00 for property appellee brought into the marriage as well as consideration for a tort claim arising out of appellant having shot appellee during the pendency of the divorce action, and (3) $2,557.00 to compensate appellee for appellant having withdrawn the sum of $5,000.00 from a joint bank account of the parties.

It is well settled that although we review chancery cases *de novo* on the record, we do not reverse a decree unless the chancellor's findings are clearly erroneous or clearly against a preponderance of the evidence. Since the question of preponderance turns heavily on the credibility of the witnesses, we defer to the superior position of the chancellor in this regard. *Andres v. Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981); A.R.C.P. Rule 52(a). In the instant case, we find certain findings of the chancellor clearly against the preponderance of the evidence and, accordingly, reverse and remand.

In her first point for reversal, appellant contends that the court erred in awarding appellee a judgment for the $5,000.00 which appellee inherited from his father during the course of the marriage. Appellee testified that "upon the death of my father, I inherited $5,000.00 which I deposited in our joint savings account. Over a period of time, we withdrew the money and used it, I believe I used some of the money to purchase my tractor and trailer." After reviewing the limited testimony and evidence on this issue, it appears that appellant helped appellee spend his inheritance from a joint account. We believe the rule formulated in *Hayse v. Hayse,* 4 Ark. App. 160-B, 630 S.W.2d 48 (1982), is applicable in the case at bar. In *Hayse, supra,* we announced:

Property received by bequest, devise, or descent is not 'marital property' subject to equal division upon divorce under Ark. Stat. Ann. § 34-1214 (Supp. 1981). The wife's inheritance would not be subject to equal division in the divorce unless by some action she had destroyed its status as non-marital property by creating an interest therein in her husband.

We believe that the facts in the instant case clearly reflect a change in the status of appellee's $5,000.00 inheritance. Appellee placed the money voluntarily in a joint account which both parties utilized during the course of their marriage. Accordingly, we reverse on this point.

Appellant alleges in her second point for reversal that the trial court erred in rendering judgment against her in the amount of $15,000.00 for property appellee allegedly brought into the marriage as well as for consideration of his tort claim. At the minimum, we must reverse and remand for the trial court to clarify its judgment by assigning specifically what amount was for the property brought into the marriage by appellee and what amount specifically was awarded appellee on the tort claim. Appellee's contention that appellant waived any argument on appeal concerning the trial court's findings is without merit. It is appellee's position that appellant was obligated to request the trial court to find the facts specially and state its conclusions of law as a prerequisite to our reviewing the findings on appeal. A.R.C.P. Rule 52(a) provides that "requests for findings are not necessary for purposes of review."

Turning to the issue that is most troublesome to this Court and one which we raise on our own motion is that of determining whether the chancery court had jurisdiction under the "clean-up doctrine" to determine the tort claim of appellee in this divorce action. It is well settled that subject matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this Court. *Hilburn* v. *1st State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976). There, the Arkansas Supreme Court stated as follows:

> Subject matter jurisdiction cannot be conferred by consent of the parties. (cites omitted) We have said that it is not only the right but the duty of this court to determine whether it has jurisdiction of the subject matter. (cites omitted)

Accordingly, we may now raise the issue of subject matter jurisdiction on our own motion.

A spouse may maintain a tort action against his or her spouse. *Leach* v. *Leach*, 227 Ark. 599, 300 S.W.2d 15 (1957). In *Spitzer* v. *Barnhill*, 237 Ark. 525, 374 S.W.2d 811 (1964), Justice George Rose Smith raised the following question in the opening paragraph of his opinion:

> In this case the question which has given us the greatest concern is whether a chancery court, after having taken jurisdiction of a suit to restrain a tort defendant from denuding himself of his property, must then, as a matter of giving complete relief, retain jurisdiction and hear the common-law tort action on its merits.

Judge Smith, in writing for the majority, answered in the negative stating as follows:

> If the Legislature had intended to bring about such a drastic change in our law as that of permitting personal injury actions to be tried in equity as a matter of right, we think that intention would have been stated in language too plain to be misunderstood.

*Spitzer, supra,* cited a Mississippi case, *Jones* v. *Jones,* 79 Miss. 261, 30 So. 651, wherein the plaintiff attempted to maintain in equity a suit for personal injuries, relying upon statutes that permitted a creditor to attack a fraudulent conveyance without having first obtained a judgment at law. In rejecting this contention, the Mississippi court stated:

> It was never the contemplation of the statutes invoked by appellant to authorize chancery courts to take cognizance of a suit for unliquidated damages arising

out of a tort before there has been any judgment at law ascertaining the damages, the defendant being within the jurisdiction of the court.

See also, *Chamberlain* v. *Newton County*, 266 Ark. 516, 587 S.W.2d 4 (1979). Accordingly, we do not believe as appellee asserts in the case at bar that appellee was required to assert his tort claim for personal injuries as a compulsory counterclaim under A.R.C.P. Rule 13(a). Rule 13(a) provides that any cause of action which a party has against his opponent and which arises out of the same transaction or occurrence as the opponent's claim must be pleaded as a counterclaim. However, this obviously was not a proper counterclaim inasmuch as appellee sought damages from appellant for an alleged intentional tort of which chancery court had no jurisdiction.

We reverse and remand on appellant's second point with directions to the trial court to transfer appellee's tort claim to circuit court. On remand, the trial court, pursuant to the authority of Ark. Stat. Ann. § 34-1214(A)(2) (Supp. 1983), is directed to return to the parties all property owned prior to the marriage unless the court makes some other division that it deems equitable. It appears from the record before us that the separate property of appellee was freely intermingled with marital property. It is important to note that the burden is upon the party who asserts an interest in property to establish that it is in fact separate property not subject to division.

Finally, appellant alleges the trial court erred in rendering judgment against her in the amount of $2,557.00 for funds withdrawn by her from a joint bank account. The only error we find on this issue is one of arithmetic. The evidence reflects that the account had a balance of $5,337.40 at the time the parties separated, all of which appellant withdrew. The decree should be modified to reflect that appellee is to have judgment in the amount of $2,668.70 against appellant for one-half of the sum she withdrew from the joint account in the Merchants and Planters Bank of Newport, Arkansas, on December 7, 1981. The withdrawal occurred three days after appellant filed her complaint for

divorce and the joint bank account was clearly marital property.

The judgment is reversed and remanded, with directions to the trial court to enter an order in keeping with this opinion.

Reversed and remanded.