David COURTNEY *v.* Wayne COURTNEY, Administrator of the Estate of Richard Courtney, Deceased

88-55                                    752 S.W.2d 40

Supreme Court of Arkansas
Opinion delivered June 20, 1988

*Sharpe, Beavers & Routon,* by: *Stephen A. Routon,* for appellant.

*Easley & Hicky*, by: *Preston G. Hicky*, for appellee.

STEELE HAYS, Justice. This is a dispute over the ownership of funds on deposit in more than one name. David Courtney has appealed from an order of the St. Francis Probate Court holding that two certificates of deposit and a bank account in the names of Richard Courtney and David Courtney are assets of the estate of Richard Courtney, deceased. The trial court rejected David Courtney's claims that he and Richard Courtney were partners and the funds belong to him as survivor.

Richard Courtney died intestate in April 1986 survived by his wife and three sons, Dale, Wayne and David. Wayne was appointed administrator. The estate consisted largely of a number of checking accounts and certificates of deposits, some in the name of Richard Courtney alone and some in the names of Richard Courtney and one or more other members of the family. When a disagreement arose over accounts on which David Courtney's name appeared, the administrator obtained an order from the probate court "freezing" all accounts until a hearing could be held.

Three accounts are in dispute: a checking account with Planters Bank & Trust Co. in the names of Richard Courtney and David Courtney, opened in 1981, and two certificates of deposit with First National Bank of Eastern Arkansas, both in the names of Richard Courtney and David Courtney, one dated October 13, 1982 in the amount of $10,000, and the other dated April 4, 1986 in the amount of $2,500. None of the accounts purport to be held in joint tenancy with right of survivorship, or payable on death to the survivor.

Following the hearing the probate judge determined that the funds belonged to the estate and that there was a failure of proof that David Courtney and his father were partners. On appeal, David Courtney argues the trial court misinterpreted Ark. Code Ann. § 23-32-1005 (1987) [Ark. Stat. Ann. § 67-552 (Supp. 1985)], and thus erred in finding that the monies were solely the property of the estate and erred in refusing to find the elements of a partnership between Richard Courtney and David Courtney. With one modification we affirm the trial court.

## I

▮ The partnership issue can be quickly disposed of, as we attach no greater weight to the proof of partnership than did the trial court. We review probate cases de novo and affirm unless the findings are clearly against the preponderance of the evidence. *Reddick* v. *Blair*, 285 Ark. 446, 688 S.W.2d 286 (1985); *Rose* v. *Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984).

▮ The evidence of a partnership was notably lacking in any documentation or persuasive proof as to formation, division of income and losses, use of a partnership name, the specific nature of the enterprise, or any other of the indicia of partnership. The proof consisted entirely of David Courtney's conclusory assertions that he and his father worked together as partners. The trial court found the testimony unconvincing and we cannot say the preponderance of the evidence was clearly to the contrary.

▮ David Courtney contends that since his testimony that he and his father were partners was undisputed, it was error for the trial court to find that the elements of a partnership were not proved. But that contention overlooks the settled rule that the testimony of an interested party is never undisputed, even though unchallenged. *Hamby* v. *Hankins*, 275 Ark. 385, 630 S.W.2d 37 (1982); *Hurley Pickett Lake Farms, Inc.* v. *Sullivan*, 245 Ark. 709, 434 S.W.2d 88 (1968).

## II

▮ Turning to the three accounts, we again point out that nothing connected with the CD's or the checking account indicated the nature of the accounts as to joint tenancy, tenancy in common, or designation for payment in the event of death of one of the named depositors. That being so, they might at first appear to come within the language of Ark. Code Ann. § 23-32-1005(1)(A) (1987), (Act 78 of 1965), which reads:

> Unless a written designation to the contrary is made to the banking institution or federally or state-chartered savings and loan association, when a deposit has been made or a certificate of deposit purchased in the names of two (2) or more persons and in form to be paid to any of the persons so named, or the survivors of them, the deposit or certificate of deposit and any additions thereto made by any of the

persons named in the account shall become the property of those persons as joint tenants with right of survivorship.

However, the present wording of subparagraph (1)(A) was incorporated by an amendment, Act 843 of 1983, and we have held the amendment does not apply to deposits established *prior* to the effective date of Act 843. See *Martin* v. *First Security Bank*, 279 Ark. 273, 651 S.W.2d 70 (1983). Since the checking account and the $10,000 CD both antecede Act 843, they come within the earlier wording of § 23-32-1005(1)(A), that is, subparagraph (a) of Ark. Stat. Ann. § 67-552 (Repl. 1980):

> If the person opening such account, or purchasing such certificate of deposit, designates in writing to the banking institution that the account or the certificate of deposit is to be held in "joint tenancy" or in "joint tenancy with right of survivorship", or that the account or certificates of deposit shall be payable to the survivor or survivors of the persons named in such account or certificate of deposit, then such account or certificate of deposit and all additions thereto shall be the property of such persons as joint tenants with right of survivorship. Such accounts or certificates of deposit may be paid to or on the order of any one [1] of such persons during their lifetime, unless a contrary written designation is given to the banking institution, or to or on the order of any one [1] of the survivors of them after the death of any one [1] or more of them. The opening of the account or the purchase of the certificate of deposit in such form shall be conclusive evidence in any action or proceeding to which either the association or surviving party or parties is a party, of the intention of all of the parties to the account or certificate of deposit to vest title to such account or certificate of deposit and the additions thereto in such survivor or survivors. No banking institution paying any survivor in accordance with the provisions of this section shall thereby be liable for any estate, inheritance or succession taxes which may be due this State.

Because the checking account and the $10,000 CD come within § 67-552 and no writing was signed designating these accounts as joint tenancy with right of survivorship, the trial court was correct in holding the proceeds from these accounts belong to

Richard Courtney's estate. *Estate of Pettyjohn* v. *Ballard*, 282 Ark. 222, 667 S.W.2d 657 (1984). However, because it was purchased *after Act 843*, the $2,500 CD comes within the language of subparagraph (1)(A), hence, it is payable to the survivor, David Courtney, since no written designation to the contrary appears.

■ David Courtney maintains the trial court erred in relying on *Estate of Pettyjohn* v. *Ballard*, supra, because in *Pettyjohn* the decedent opened the account, whereas here, "it is absolutely undisputed" that he, David Courtney, opened the account and purchased the two CD's. There are two answers. First, nothing in our statutes or cases suggests that who opens the account governs its disposition, though that fact may be relevant to some issue. Second, appellant again mistakenly characterizes his own testimony as "undisputed," which is not now the law and has not been the law from the earliest. *Skillern* v. *Baker*, 82 Ark. 86 (1909). While David Courtney testified that he alone opened the checking account and purchased the CD's, that testimony stands alone and, as we have seen, is disputed as a matter of law. Mr. Donald Fogg, an officer of the First National Bank, testified that while he recognized his signature on the $10,000 CD purchased in 1981, he plainly stated he could remember nothing about the circumstances. He was not asked about the other CD or the checking account.

Appellant's other argument is that since the accounts had no designation whatever as to the type of account being opened, their disposition is determined, not under subparagraph (1)(A) of § 23-32-1005, but under subparagraph (5), which reads:

> If an account is opened or a certificate of deposit is purchased in the name of two (2) or more persons, whether as joint tenants, tenants by the entirety, tenants in common, *or otherwise*, a banking institution or federally or state-chartered savings and loan association shall pay withdrawal requests, accept pledges of the account or certificate of deposit, and otherwise deal in any manner with the account or certificate of deposit. This may be done upon the direction of any one (1) of the persons named therein, whether the other persons named in the account or certificate of deposit are living or not, unless one (1) of the

persons named therein shall, by written instructions delivered to the banking institution or federally or state-chartered savings and loan association, designate that the signature of more than one (1) person shall be required to deal with the account or certificate of deposit. [Emphasis supplied.]

We disagree with that contention. Subsection (5) does not confer ownership or survivorship status on a party who would otherwise not have such status. The purpose is merely to absolve the bank of liability in the event of withdrawal by one of the individuals on an account in more than one name. This conclusion is obvious, as the list under this provision includes tenants in common, where there is no right of survivorship. If we were to interpret this subsection otherwise, a tenant in common could convert the account into a joint tenancy by merely withdrawing the funds at the other tenant's death. Such a result was clearly not intended by the legislature. See generally, *Lofton* v. *Lofton*, 23 Ark. App. 203, 745 S.W.2d 635 (1988).

For the reasons stated we agree with the trial court with the exception of the $2,500 CD, which is payable to the survivor, David Courtney, in accordance with § 23-32-1005(1)(A).

AFFIRMED as modified.