Virginia T. HALL *v.* SUPERIOR FEDERAL
BANK, et al.

90-24                                    794 S.W.2d 611

Supreme Court of Arkansas
Opinion delivered July 16, 1990
[Supplemental Opinion on Denial of Rehearing
September 17, 1990.*]

*Newbern, J., not participating.

*Homer Tanner*, for appellant.

*Hardin, Jesson & Dawson*, by: *J. Leslie Evitts III*, for appellee Superior Federal Bank.

*Hilburn, Calhoon, Harper, Pruniski & Cahoun, Ltd.*, by: *Scott E. Daniel*, for appellee Merrill Lynch, Pierce, Fenner & Smith, Inc.

*Hurley, Whitwell, Shepherd & Welch*, by: *Stephen E. Whitwell*, for appellee F.A. Russ, Executor of the Estate of Dorothy Edwards, Deceased.

STEELE HAYS, Justice. This is a dispute over the ownership of funds held in the names of Mrs. Dorothy Edwards and Mrs. Virginia Hall, as joint tenants, at Superior Federal Bank and Merrill Lynch, Pierce, Fenner & Smith, Inc. Virginia Hall, the appellant and surviving joint tenant, appeals from the order of Pulaski Chancery Court finding that funds in both accounts should pass into the estate of Dorothy Edwards.

On May 8, 1984, Dorothy Edwards, now deceased, opened savings account No. 26-60145810 with Superior Federal Bank in Little Rock. The signature card contained the names of Mrs. Dorothy Edwards and Mrs. Virginia T. Hall "as joint tenants with right of survivorship and not as tenants in common, and not as tenants by the entirety. . ." Mrs. Edwards also maintained joint account No. 56334270 with Merrill Lynch, Pierce, Fenner & Smith, Inc., opened on May 4, 1973, bearing the names of Dorothy Edwards and Virginia T. Hall as joint tenants with right of survivorship. The Merrill Lynch joint account agreement stated that the account was a joint account with right of survivorship, and, "upon the death of either of us, all securities, funds, and property, in the account shall be the sole property of the survivor." After Mrs. Edwards died on January 25, 1988,

Virginia T. Hall attempted to collect the funds in these accounts as the surviving joint tenant.

On March 2, 1988, Mrs. Hall demanded payment of the funds held in the joint account at Superior Federal Bank. After inspecting a certified copy of Mrs. Edwards' death certificate and an affidavit signed by Virginia Hall stating that the certificate of deposit had been lost or destroyed, Superior issued a check to her for $50,722.31 constituting the principal amount in the savings account plus unpaid and accrued interest. Later that day Superior discovered that the Pulaski Probate Court had issued an injunction and restraining order on February 5, 1988, prohibiting Superior from making any disbursement of the funds in the account. Superior contacted Mrs. Hall to inform her that because of the injunction the check would not be honored. The following day Mrs. Hall presented the check at Union National Bank for payment and the check was dishonored.

When Mrs. Hall attempted to collect funds in the Merrill Lynch account, Merrill Lynch refused to release the assets in the joint account bearing the names of Dorothy Edwards and Virginia Hall, relying on the probate court order.

Mrs. Hall filed suit in the Circuit Court of Pulaski County alleging that Superior Federal Bank wrongfully withheld the payment of funds belonging to her as the surviving joint tenant. She sought judgment for $50,722.31 plus accrued interest and attorneys fees. Superior answered and filed a counterclaim and third party complaint for interpleader designating the estate of Dorothy Edwards as a party defendant.

Mrs. Hall also filed an action in the Circuit Court of Pulaski County seeking judgment against Merrill Lynch in the amount held in the name of Dorothy Edwards and Virginia Hall, and for interest, costs and attorneys' fees. Merrill Lynch answered with a counterclaim and third party complaint for interpleader and declaratory relief. The cases were consolidated and transferred to the Chancery Court of Pulaski County.

After a trial on the merits, the trial court found that a confidential relationship existed between Mrs. Hall and Dorothy Edwards and that it was never the intent of Dorothy Edwards that the funds in the joint accounts were to pass to Mrs. Hall. The trial

court imposed a constructive trust and determined that the funds in both accounts should pass into the estate of Dorothy Edwards. From this judgment, the appellant brings this appeal.

I.

## THE PROBATE COURT HAD THE AUTHORITY TO ISSUE THE INJUNCTION.

The appellant contends that the Pulaski Probate Court exceeded its jurisdiction by issuing injunctions to Superior Federal Bank and to Merrill Lynch. The injunctions were issued to preserve the assets of the estate and to prohibit withdrawals from the accounts. The probate court order did not determine entitlement to the two accounts, but simply prevented the dissipation of the money.

Generally, assets held as "joint tenancy with right of survivorship" pass outside of probate.

> Property that was held by the decedent in joint tenancy with right of survivorship (or tenancy by the entireties) with a person who survives him is also not administered, [in probate court] but passes directly to the surviving joint owner. *However, the personal representative must, before deciding not to claim such property, be certain that the property in fact was so held.* [Emphasis added.]

E. Brantley & W. Haught, Arkansas Probate, § 6-5 (1984). Here, the executor of the estate of Dorothy Edwards, appellee F.A. Russ, requested an injunction from the probate court to preserve the estate while he proved that Mrs. Dorothy Edwards intended only for Mrs. Virginia Hall to act as conduit by which the funds would pass upon her death.

The appellant argues that the probate courts are courts of special and limited jurisdiction, and if our Constitution or statutes do not specifically grant probate courts the power to issue injunctions, no such power exists. The probate courts only possess such jurisdiction and power as are conferred by the Constitution or by statute, or are necessarily incidental to the exercise of jurisdiction and powers specifically granted. *Eddleman* v. *Estate of Farmer,* 294 Ark. 9, 740 S.W.2d 141 (1987). Ark. Code Ann. § 28-1-104 (1987) provides that the probate court shall have

jurisdiction over the administration, settlement and distribution of estates of decedents. Appellees, on the other hand, maintain that the exclusive power over decedents estates requires that probate courts have the authority to prevent dissipation of potential assets of the estate while a determination in a chancery court decides if the assets belong to the estate. Arguably, such power to preserve questionable assets of the estate is incidental to the exercise of the power over distribution, settlement and administration of decedents' estates, but we do not now settle that question, as we agree with appellees' alternative argument — that the issue becomes moot when, as here, the disputed ownership of the assets has been decided on the merits. *Vandergriff* v. *State*, 239 Ark. 1119, 396 S.W.2d 818 (1965). We see no reason to distinguish that case because the temporary injunction and subsequent trial were both in the same rather than in separate courts.

## II.

### APPELLANT OWNS THE FUNDS IN THE SUPERIOR FEDERAL ACCOUNT BY VIRTUE OF BEING THE SURVIVING JOINT TENANT: APPELLANT DOES NOT OWN THE FUNDS IN THE MERRILL LYNCH ACCOUNT.

Appellant contends that she is the owner of both the Superior Federal and Merrill Lynch accounts by virtue of being the surviving joint tenant. Appellant relies on the statutory language of Ark. Code Ann. § 23-32-1005 (1987) and argues that "the last amendment of the applicable statute removes all doubts as to the ownership to the funds under consideration." Ark. Code Ann. § 23-32-1005 (1987) provides:

> Checking accounts and savings accounts may be opened and certificates of deposit may be issued by any banking institution, or federally or state-chartered savings and loan association, in the names of two (2) or more persons, either minor or adult, or a combination of minor and adult. Checking accounts, savings accounts, and certificates of deposit shall be held and payable as follows:

> (2)(A) If the person opening the account or purchasing the certificate of deposit designates in writing to the banking

institution or federally or state-chartered savings and loan association that the account or the certificate of deposit is to be held in "joint tenancy" or in "joint tenancy with right of survivorship," or that the account or certificate of deposit shall be payable to the survivor or survivors of the persons named in the account or certificate of deposit, then the account or certificate of deposit and all additions thereto shall be the property of those persons as joint tenants with right of survivorship.

(C) The opening of the account or the purchase of the certificate of deposit in this form shall be conclusive evidence in any action or proceeding to which either the banking institution or federally or state-chartered savings and loan association or the surviving party is a party of the intention of all of the parties to the account or certificate of deposit to vest title to the account or certificate of deposit, and the additions thereto, in such survivor.

Dorothy Edwards established the Merrill Lynch account on May 4, 1973, in the names of "Mrs. Dorothy Edwards and Mrs. Virginia Hall as joint tenants with right of survivorship." The signature card also included language providing "upon the death of either of us, all securities, funds, and property in the account shall be the sole property of the survivor." Ark. Code Ann. § 23-32-1005 (1987) applies to checking accounts, savings accounts, and certificates of deposit issued by any banking institution, or any state chartered savings and loan association.

██ With respect to the Merrill Lynch account, § 23-32-1005 purports to regulate only banking institutions and federally and state chartered savings and loan associations. Hence, under the wording of the statute the opening of the Merrill Lynch account by Mrs. Hall and Mrs. Edwards as joint tenants with right of survivorship is not deemed *conclusive evidence* of intent and the trial court did not err by admitting evidence of Dorothy Edwards's intent in placing Mrs. Virginia Hall's name on the Merrill Lynch account. The trial court admitted as evidence a typed letter from Virginia Hall addressed to "Hazel & Pete" (Mr. and Mrs. F.A. Russ), making reference to the Merrill Lynch account and the savings account. In this letter Mrs. Hall asked "have you got her Merrill Lynch or the savings yet. My

name is or was on all those things so I could get it out for you."
Additionally, Mrs. Virginia Hall testified that her name was on
the Merrill Lynch account to help Mrs. Edwards manage her
money and to distribute this money on her death as provided for in
her will. It is clear from the testimony that Mrs. Hall made no
contributions to the Merrill Lynch account.

We review chancery cases *de novo*, reversing the
chancellor only if her findings and conclusions are clearly against
the preponderance of the evidence. *Mabry* v. *McAfee*, 301 Ark.
268, 783 S.W.2d 356 (1990). Here, the trial court determined
that a confidential relationship existed between Dorothy Ed-
wards and Virginia Hall. Furthermore, the trial court found that
it was not Mrs. Edwards's intention that funds from the Merrill
Lynch and Superior Federal accounts pass to the appellant. As
Ark. Code Ann. § 23-32-1005(2)(C) does not govern, we find the
admission of extrinsic evidence evincing Mrs. Edwards's intent
appropriate, and we do not find that the trial court's findings were
clearly against the preponderance of the evidence. However, as to
the admission of extrinsic evidence of intent as to the Superior
Federal account, we must reverse the trial court's ruling.

Dorothy Edwards established an account at Superior Fed-
eral Bank on May 8, 1984, well after the enactment of Ark Code
Ann. § 23-32-1005 (1987). The signature card for the savings
account contained the names of "Mrs. Dorothy Edwards or Mrs.
Virginia Hall as joint tenants with the right of survivorship and
not as tenants in common and not as tenants by the entirety." This
account represented a savings account, later transformed into a
certificate of deposit. Ark. Code Ann. § 23-32-1005(2)(C)
(1987) governs, as Superior Federal is a banking institution
issuing a certificate of deposit.

We have not previously addressed the underlying question of
whether in the absence of fraud, extrinsic evidence will be allowed
to reflect the intent of the parties in establishing joint accounts
with right of survivorship. In *Hayse* v. *Hayse*, 4 Ark. App. 160,
630 S.W.2d 48 (1982), the Court of Appeals interpreted Ark.
Stat. Ann. § 67-552(a) (1980) and Ark. Stat. Ann. § 67-552(b)
(1980), predecessor to Ark. Code Ann. § 23-32-1005 (1987). In
*Hayse* the appellee purchased a certificate of deposit in her name
and in the appellant's name, causing the certificate to be issued in

joint names. In claiming the proceeds of the certificate, the appellant relied on the language of Ark. Stat. Ann. § 67-552 (1987) which provided when a person purchased a certificate of deposit and designated it as being held in joint tenancy, the opening of the account in this manner shall be conclusive evidence of the intention of all the parties. (Arguably, simply purchasing the certificate in joint names did not suffice to designate that the account was held in joint tenancy.) The Court of Appeals held that the mere issuance of the certificate of deposit in the names of both parties without other manifestations of intent did not create any interest in the appellant. The Court, quoting from *Black* v. *Black*, 199 Ark. 609, 135 S.W.2d 837 (1940), reasoned that this statute protected banks and failed to vest title in depositors.

We find that the language of Ark. Code Ann. § 23-32-1005(2)(A) and (C) is clear; the opening of the account in the name of two or more persons designated as joint tenants or as joint tenants with right of survivorship "*shall be conclusive evidence in any action* or proceeding to which. . .the surviving party is a party *of the intention of all of the parties to the account.* . .to *vest title to the account.* . .in such survivor." (Our emphasis.) The first rule to be applied in statutory construction is to give the words in the statute their usual and ordinary meaning. If there is no ambiguity we give a statute effect just as it reads. *Pledger* v. *Ethyl Corp.,* 299 Ark. 100, 771 S.W.2d 24 (1989).

The statute declares that the establishment of the account as joint tenants provides conclusive evidence of the intention of all parties. The signature card for the Superior Federal account provided that Dorothy Edwards and Virginia Hall held the account as joint tenants with right of survivorship. Moreover, the signature card suffices to provide written designation to the bank that the account is held in joint tenancy. Therefore, the trial court erred in considering extrinsic evidence as to Dorothy Edwards' intent, and the funds in this account belong to the appellant as surviving joint tenant.

## III.

## THE CHANCERY COURT PROPERLY
## EXERCISED JURISDICTION.

Appellant contends the chancery court lacked the authority to "create" or "establish" a constructive trust. A constructive trust is an implied trust and unlike an express trust it is not created but arises by the operation of law when equity so demands. While a confidential or fiduciary relationship does not in itself give rise to a constructive trust, an abuse of confidence rendering the acquisition or retention of property by one person unconscionable against the other suffices generally to ground equitable relief in the form of the declaration and enforcement of a constructive trust. 76 Am. Jur. 2d *Trusts* § 228 (1975). Here, the trial court determined that a confidential relationship existed between Dorothy Edwards and Virginia Hall. An abuse of such relationship by Virginia Hall resulted in the trial court finding that a constructive trust existed. Ark. Code Ann. § 16-13-304(a) (Supp. 1989) states that "chancery court shall have original jurisdiction in all matters in equity. . . ." As a constructive trust is an equitable remedy, the chancery court properly maintained jurisdiction.

## IV.

## THE CHANCERY COURT PROPERLY
## EXERCISED JURISDICTION OVER THE PARTIES.

The appellant argues that F.A. Russ, executor of the estate of Dorothy Edwards, is not the proper party to prosecute the claims of the alleged beneficiaries. She maintains that the death of Dorothy Edwards automatically terminated her interest in the two accounts. Therefore, the appellant characterizes the claims of the alleged beneficiaries as claims against the trust, and not claims against the estate of Dorothy Edwards. The appellant states that "those parties, who might be in a position to contend that there was a trust, are the beneficiaries themselves. F.A. Russ, Executor, can claim only the right which the decedent, Dorothy Edwards, could have complained of and under no circumstances could her estate receive property which did not survive her death." Appellant's argument misconstrues the nature of a constructive trust. As noted above, a constructive trust is an

implied trust; it arises by operation of law to satisfy the demands of justice. As stated in *Grissom* v. *Bunch*, 227 Ark. 696, 301 S.W.2d 462 (1957):

> "[W]henever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled the same. . . ."

F.A. Russ, Executor of the Estate of Dorothy Edwards, became a party to this action when Superior Federal Bank named him in its amended counterclaim and third party complaint for interpleader. Additionally, Russ filed a counterclaim against Superior Federal and a cross-complaint against the appellant in an attempt to recover the assets of the estate of Dorothy Edwards. As executor, Russ was under a duty to discover and to administer all assets of the decedent. *See* Ark. Code Ann. § 28-49-103 (1987). Additionally, it was Russ's duty to decide whether to claim property held by the decedent in joint tenancy with right of survivorship. Finding no error, we affirm.

## V.

## THE TRIAL COURT PROPERLY ADMITTED PAROL EVIDENCE AS TO THE DECEDENT'S INTENT REGARDING THE MERRILL LYNCH ACCOUNT.

Appellant contends the signature cards for the respective accounts represented a written contract between the parties and the bank. Thus, she maintains the trial court erred in admitting parol evidence to alter the terms of the written contract, i.e., joint tenancy. Strictly speaking, the trial court did not admit parol evidence to alter the signature cards. The extrinsic evidence admitted by the court proved facts sufficient for her to find that a constructive trust existed, concluding therefrom that Mrs. Edwards never intended for appellant to receive her money. A constructive trust is not within the statute of

frauds and may be proved by parol evidence. *Grissom v. Bunch*, 227 Ark. 696, 301 S.W.2d 463 (1957). Thus, the trial court properly admitted extrinsic evidence as to the Merrill Lynch account. As discussed under point II, we believe it was error for the trial court to admit extrinsic evidence as to Mrs. Edwards' intent in establishing the Superior Federal account.

## VI.

### F.A. RUSS, EXECUTOR, SUSTAINED THE BURDEN OF PROOF IN ESTABLISHING THAT A CONSTRUCTIVE TRUST SHOULD BE IMPOSED UPON THE FUNDS IN THE MERRILL LYNCH ACCOUNT.

Appellant contends that the appellees' failed to sustain the burden of proof to support the imposition of a constructive trust. As discussed above, we modify the trial court's decree, by ordering a constructive trust impressed only as to those funds in the Merrill Lynch account. Appellant argues that Ark. Code Ann. § 23-32-1005 (1987) governs and eliminates any dispute as to the intent of parties establishing joint accounts. We agree that Ark. Code Ann. § 23-32-1005 (1987) is applicable to the Superior Federal account and thus do not impose a constructive trust on these funds. However, the statute does not govern the Merrill Lynch account and we find the testimony, in addition to the letter written by the appellant to Hazel and Pete Russ, is clear and convincing evidence to support the imposition of a constructive trust based upon a confidential relationship. *Bramlett* v. *Selman*, 268 Ark. 457, 597 S.W.2d 80 (1980).

We affirm in part and reverse in part. We reverse the trial court in finding that a constructive trust should be imposed on the funds in the Superior Federal Bank account, therefore, the funds in this account pass to the appellant. We affirm the trial court in imposing a constructive trust on the funds in the Merrill Lynch account and the money in this account passes to the estate of Dorothy Edwards.

We order that Superior Federal Bank pay to the appellant $52,474.22, plus interest; we order Merrill Lynch to pay the estate of Dorothy Edwards $33,212.48, plus interest. Superior Federal Bank, and Merrill Lynch, Pierce Fenner &

Smith, Inc. will not be assessed attorneys' fees or a penalty for nonpayment as they acted only in obedience to the orders of the probate court.

NEWBERN, J., not participating.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
SEPTEMBER 17, 1990

794 S.W.2d 611

Petition for Rehearing; granted to the extent earlier opinion is modified.

*Homer Tanner*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Scott E. Daniel*, for appellee Merrill Lynch, Pierce, Fenner & Smith, Inc.

*Hardin, Jesson & Dawson*, by: *J. Leslie Evitts III*, for appellee Superior Federal Bank.

STEELE HAYS, Justice. By petition for rehearing appellee, Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch) points out that our opinion of July 16, 1990, orders Merrill Lynch to pay $33,212.48, plus interest, to the estate of Dorothy Edwards; that while $33,212.48 represented the original investment in 1973, its current balance is less than that due to subsequent withdrawals — a fact the Chancellor recognized in her final order of November 15, 1989, by virtue of the following provision:

That the decree of this court rendered on August 30, 1989, incorrectly ascertains the amount in controversy on deposit at MERRILL LYNCH, PIERCE, FENNER & SMITH to be the sum of Thirty Three Thousand Two Hundred Twelve and $^{48}/_{100}$ ($33,212.48) Dollars and that this error shall be corrected at a later date to reflect the actual amount now on deposit at MERRILL LYNCH, PIERCE, FENNER & SMITH, which includes undis-

tributed dividends subsequent to the date of death of DOROTHY EDWARDS, deceased.

Merrill Lynch further asserts that all parties to this litigation have recognized the fluctuating value of the Merrill Lynch account and that it would be necessary to liquidate the fund on the open market with attendant fees and expenses before a final balance could be determined. Appellant concurs in the petition of Merrill Lynch.

The petition for rehearing is granted to the extent that our original opinion is modified accordingly and the case is remanded to the trial court for such further orders as may be necessary to determine the correct amount due the appellant from appellee, Merrill Lynch.

NEWBERN, J., not participating.