B.C. BENSON ESTATE by Herbert V. Pierce and Dwight Pierce, Executors *v.* FIRST NATIONAL BANK of De . Queen, Kerwin Gray, William Gray, and Mary Warrengton

CA 90-62 801 S.W.2d 58

Court of Appeals of Arkansas
Division II
Opinion delivered January 16, 1991
[Rehearing denied February 13, 1991.]

*Jones & Petty*, by: *John Harris Jones*, for appellants.

*Daily, West, Core, Coffman & Canfield*, by: *Ben Core* and *Robert W. Bishop*, for appellees Kerwin Gray, William (Bill) Gray, and Mary Warrengton.

*Steel & Steel*, by: *Jim Bob Steel*, for appellee Mary Warrengton.

JAMES R. COOPER, Judge. The appellants, executors of the B.C. Benson Estate, brought an action asserting that the Estate should be determined to be the owner of certificates of deposit issued by the First National Bank of De Queen. The appellees Mr. Gray and Ms. Warrengton claimed ownership of the certificates of deposit, on which their names had been added by the decedent. The chancellor concluded that Mr. Gray and Ms. Warrengton were the owners of the certificates of deposit by virtue of joint survivorship under Ark. Code Ann. § 23-32-1005 (1987). From that decision, comes this appeal. We affirm.

The record shows that, prior to his death in 1989, B.C. Benson had funds on deposit with the appellee First National Bank of De Queen in the form of certificates of deposit. They were initially purchased between 1986 and 1988. B.C. Benson, at

various times between September 1988 and January of 1989, made seven different trips to the bank for the purpose of adding the names of the appellee Kerwin Gray to two CD's; the appellee William Gray, a/k/a Bill Gray, to three CD's; and the appellee Mary Warrengton to two CD's. The appellees Kerwin and William Gray lived next door to Benson and had been close to Benson during his lifetime, helping take care of his needs and giving him advice after the death of his wife. The appellee Mary Warrengton is Benson's niece. Benson had no surviving children.

Upon B.C. Benson's death in January 1989, the appellants, acting as executors of Benson's estate, brought suit against the individual appellees whose names had been added to the CD's, as well as the appellee First National Bank of De Queen, where the funds in question were on deposit. The appellants claimed that, when the names were added, no rights of survivorship were created with respect to any of the funds and that the $136,000.00 represented by the CD's rightfully belonged to Benson's estate. The chancellor found that a right of survivorship had been created in the funds and denied the appellants' claims of ownership. From that ruling comes this appeal.

Arkansas Code Annotated § 23-32-1005(1)(A) (1987) (Act 843 of 1983) is controlling here:

> Unless a written designation to the contrary is made to the banking institution or federally or state-chartered savings and loan association, when a deposit has been made or a certificate of deposit purchased in the names of two (2) or more persons and in form to be paid to any of the persons so named, or the survivors of them, the deposit or certificate of deposit and any additions thereto made by any of the persons named in the account shall become the property of those persons as joint tenants with right of survivorship.

The appellant relies upon several cases decided after the effective date of the Act, but those cases dealt with joint accounts which were opened prior to such date and therefore were governed by former Ark. Stat. Ann. § 67-552 (Repl. 1980). All bank accounts and CD's in two names opened or purchased after March 23, 1983 (the effective date of Act 843 of 1983), are governed by the new code section. Both *Courtney* v. *Courtney*, 296 Ark. 91, 752 S.W.2d 40 (1988), and *Hall* v. *Superior Fed.*

*Bank*, 303 Ark. 125, 794 S.W.2d 611 (1990), address the issue of joint ownership of accounts opened after the Act took effect. We follow those holdings in affirming the lower court.

Here, the accounts in question were opened and the names were added after the effective date of the Act. In accordance with the Supreme Court's holding in *Hall*, *supra*, 303 Ark. at 133, 794 S.W.2d at 615, we must give the words in the statute their usual and ordinary meaning, and where there is no ambiguity, we give the statute effect just as it reads. Here, the deceased clearly directed the bank to add the names, and the CD's stated on their face: "If more than one of you are named above, you will own the certificate as joint tenants with right of survivorship (and not as tenants in common)." No contrary designation was made by B.C. Benson.

█ These certificates clearly come within the language of § 23-32-1005(1)(A) (1987) and are payable to the survivors, since no written designation to the contrary appears. *Courtney*, *supra*, 296 Ark. at 95-96, 752 S.W.2d at 42. We find nothing to support the appellants' argument that Benson failed to create a survivorship interest in the certificates.

Affirmed.

CRACRAFT, C.J., and JENNINGS, J., agree.