Kay NALL *v.* Lonnie DUFF, Administrator of the Estate
of Eva Duff, Deceased

90-347                                                     805 S.W.2d 63

Supreme Court of Arkansas
Opinion delivered March 11, 1991
[Rehearing denied April 15, 1991.]

*Lyons & Emerson,* by: *Jim Lyons,* and *Rose Law Firm, A
Professional Association,* by: *Richard T. Donovan,* for
appellant.

*Gus R. Camp,* for appellee.

ROBERT H. DUDLEY, Justice. This case involves the estab-
lishment of joint tenancies in bank accounts. For several years
appellant Kay Nall cared for her next-door neighbor, Eva Duff,

an elderly lady who lived alone. Kay cleaned Mrs. Duff's house, helped her run errands, and paid her bills. On February 9, 1987, Mrs. Duff opened a checking account at Corning Bank in the amount of $26,276.49. She told the bank officer she wanted Kay to sign the signature card for the account so that she could help take care of her account. Both Kay and Mrs. Duff signed the signature card, which recited that it was a "Joint and Several Checking Account, Payable to Either or Survivor." On that same date, Mrs. Duff opened a money market checking account in the amount of $49,727.13. Again, both she and Kay signed the signature card, which designated the account to be a "Joint Account—With Survivorship," and stated that "Such an account is issued in the name of two or more persons. Each of you intend that upon your death the balance in the account . . . will belong to the survivor(s)."

On March 13, 1987, Mrs. Duff and Kay returned to the Corning Bank and Mrs. Duff purchased a certificate of deposit in the amount of $22,179.98. She and Kay signed the "Time Deposit Agreement and Signature Card." The card stated that this was a "Joint" certificate and that "the signators . . . acknowledge that the depositor . . . , both as to the original deposit and any subsequent deposits, intend that such funds as may constitute any account balance upon the death of any party to this account, shall be the property of the surviving party or parties who shall take as a surviving joint tenant."

After Mrs. Duff opened the joint bank accounts, she told Kay that the money in the accounts would repay her for all that she had done for her. Mrs. Duff suffered a stroke in late December 1987. From then until her death on May 1, 1988, she was in hospitals and nursing homes and was unable to speak or to recognize her visitors.

On January 8, 1988, before Mrs. Duff's death, Kay withdrew $83,383.44 from the joint accounts in Corning Bank and cashed the certificate of deposit for $23,192.53 for a total of $106,575.97 and placed it in a revocable living trust at Commerce Bank in Poplar Bluff, Missouri. Kay was the grantor and trustee, and Mrs. Duff was the life beneficiary of the trust. The funds in the trust were to be used for the care and support of Mrs. Duff during her lifetime. Funds remaining after her death were to be

distributed to Kay as grantor. Kay paid Mrs. Duff's expenses from the trust account, including bills forwarded to her by Mrs. Duff's relatives. Kay also paid attorney fees from the trust to the attorney who drew up the trust instrument and later paid the attorneys who represented her in this case.

In this suit, the administrator of Mrs. Duff's estate claimed the money which had been placed in the trust was the property of her estate. The complaint alleged that the decedent was incompetent when the joint accounts were established, that there existed a fiduciary relationship between her and the appellant, and that by virtue of that relationship Kay held the funds in trust for the decedent. After a two-day hearing on the merits, the chancellor ruled that Kay should pay the estate of Eva Duff $106,575.97 plus interest, minus expenditures made from the funds on behalf of the decedent. The chancellor found that the provisions of Ark. Code Ann. § 23-32-1005 (1987) did not apply because the money had been withdrawn from the joint accounts. Thus, "any benefit or right created by statute and afforded a surviving joint tenant was terminated at the time Mrs. Nall [Kay] withdrew the funds and cashed the certificate of deposit." The chancellor further found that Mrs. Duff was competent when she opened the joint accounts and purchased the certificate of deposit. We reverse and hold that the estate is not entitled to the money.

Appellant Kay Nall argues that the Chancellor erred in not applying the provisions of Ark. Code Ann. § 23-32-1005 (1987), the Accounts and Certificates of Deposits in Two or More Names Statute, to determine ownership of the joint bank accounts and the certificate of deposit. The argument is meritorious.

The introduction and subsection (1)(A) provide:

> Checking accounts and savings accounts may be opened and certificates of deposit may be issued by any banking institution, or federally or state-chartered savings and loan association, in the names of two (2) or more persons, either minor or adult, or a combination of minor and adult. *Checking accounts, savings accounts, and certificates of deposit shall be held and payable as follows.*

> (1)(A)     Unless a written designation to the contrary is

8

made to the banking institution or federally or state-chartered savings and loan association, *when a deposit has been made or a certificate of deposit purchased in the names of two (2) or more persons and in form to be paid to any of the persons so named, or the survivors of them, the deposit or certificate of deposit and any additions thereto made by any of the persons named in the account shall become the property of those persons as joint tenants with right of survivorship.*

(Emphasis added.)

Next, subsection (1)(B) provides:

(B)     The deposit or certificate of deposit, together with all interest thereon, *shall be held for the exclusive use of the persons so named and may be paid to any of those persons* or to the survivors after the death of any of those persons. The payment shall be a valid and sufficient release and discharge of the bank or federally or state-chartered savings and loan association for all payments made on account of the deposit or certificate of deposit;

(Emphasis added.)

Subsections 2(A) (B) and (C) provide:

(2)(A)     If the person opening the account or purchasing the certificate of deposit designated in writing to the banking institution or federally or state-chartered savings and loan association that the account or the certificate of deposit is to be held in "joint tenancy" or in "joint tenancy with right of survivorship," or that *the account or certificate of deposit and all additions thereto shall be the property of those persons as joint tenants with right of survivorship.*

(B)     *The account or certificate of deposit may be paid to or on the order of any one (1) of those persons during their lifetime* unless a contrary written designation is given to the banking institution or federally or state-chartered savings and loan association, or to or on the order of any one (1) of the survivors of them after the death of any one (1) or more of them.

(C) The opening of the account or the purchase of the certificate of deposit in this form shall be *conclusive evidence* in any action or proceeding to which either the banking institution or federally or state-chartered savings and loan association or the surviving party is a party of intention of all of the parties to the account or certificate of deposit to vest title to the account or certificate of deposit, and the additions thereto, in such survivor.

(Emphasis added.)

In *Hall* v. *Superior Fed. Bank*, 303 Ark. 125, 794 S.W.2d 611 (1990), we applied this section to determine the intent of the parties in establishing joint accounts with right of survivorship. There, we said that Ark. Code Ann. § 23-32-1005 (1987) applies to checking accounts, savings accounts, and certificates of deposit issued by a banking institution or a state-chartered savings and loan association. We held that the language of Ark. Code Ann. § 23-32-1005(2)(A) and (C), quoted above, is clear and provides *conclusive evidence* of the intention of the parties to create a joint tenancy with the right of survivorship when an account is opened in compliance with the provisions of these subsections. Likewise, in the present case, we find the provisions of Ark. Code Ann. § 23-32-1005(1)(B) and (2)(B), quoted above, are clear and establish the ownership rights of persons named in a joint account or certificate of deposit opened in compliance with the provisions of subsections (1)(A) or (2)(A).

When Eva Duff opened the checking accounts and purchased the certificate of deposit in her and Kay's names, she designated in writing on the signature cards that the accounts were payable to the survivor. This is in compliance with the provisions of Ark. Code Ann. § 23-32-1005(1)(A) and (2)(A), under which the opening of an account or purchasing of a certificate of deposit in the name of two or more persons designating that the account or certificate of deposit shall be payable to the survivor of the persons named creates a joint tenancy with the right of survivorship. Subsections (1)(B) and (2)(B) provide that the account or certificate of deposit may be paid to any one of the persons named on the account during their lifetimes, unless a written designation is given to the contrary.

The accounts and certificate of deposit at issue here contained no contrary designation. In fact, the signature cards for the money market checking account and the certificate of deposit specified that the funds on deposit could be paid to the persons named on the cards at any time and upon "a properly executed written order." Thus, under the code, appellant had the right to withdraw the money from the accounts.

The right to withdraw money from a joint account is consistent with the ownership rights of a joint tenant at common law. in *Ferrell, Adm'x* v. *Holland*, 205 Ark. 523, 169 S.W.2d 643 (1943), we said:

> Regarding some of the results of joint tenancy it is stated in 14 Am. Jur. 79: "An estate in joint tenancy is one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship or *jus accrescendi*, by virtue of which the entire estate, upon the death of any of the joint tenants, goes to the survivors."
>
> And further (P.82): "Accordingly, it is now generally recognized that there can be a joint tenancy in almost any kind of personal property . . . including [bank accounts,] building and loan association deposits . . ."

*Id.* at 529-30, 169 S.W.2d at 647.

And in *Miller* v. *Riegler*, 243 Ark. 251, 419 S.W.2d 599 (1967), we said:

> [J]oint tenancy . . . 'is a present estate in which both joint tenants are seized in the case of real property, per my et per tout,' that is, such joint tenant is seized by the half as well as by the whole. . . . Inasmuch as both cotenants in a joint tenancy are possessors and owners per tout. *i.e.*, of the whole, the title of the first joint tenant who dies merely terminates and the survivor continues to possess and own the whole of the estate as before.

*Id.* at 260, 419 S.W.2d at 604.

Thus, as an owner and possessor of the money in the accounts and certificate of deposit, as well as under the authority of the code, Kay had a right to withdraw the funds from the accounts

and cash the certificate of deposit. Because she exercised her right of withdrawal under Ark. Code Ann. § 23-32-1005(1)(B) and (2)(B) completely consistent with the intentions of her competent joint tenant, Kay's ownership of the proceeds from the joint accounts and certificate of deposit continues.

We are aware that there are past cases which seem to hold contrary to *Hall* v. *Superior Fed. Bank, supra*, with regard to the application of the banking statutes to determine the rights of parties to joint accounts. In *Hayse* v. *Hayse*, 4 Ark. App. 160-B, 630 S.W.2d 48 (1982), the Arkansas Court of Appeals noted our holding in *Black* v. *Black*, 199 Ark. 609, 135 S.W.2d 837 (1940) that the provisions of the banking statute sought to be applied were passed for the protection of the bank in which the deposit was made. The statutory provisions did not determine the rights of the parties to the account. However, *Hayse* and *Black* did not involve the application of the newer Ark. Code Ann. § 23-32-1005 (1987).

In *Courtney* v. *Courtney*, 296 Ark. 91, 752 S.W.2d 40 (1988), we held that Ark. Code Ann. § 23-32-1005(5) (1987) does not confer ownership or survivorship status on a party who otherwise would not have such status. There, the appellant relied upon the provisions of that code section to attempt to establish his joint tenancy in a checking account and a certificate of deposit when he could not rely upon the provisions of Ark. Code Ann. § 23-32-1005(1)(A) to establish joint tenancy. The accounts in question had been opened before subsection (1)(A) became effective. We did, however, apply the provisions of subsection (1)(A) to establish joint tenancy in a certificate of deposit purchased after the effective date of that subsection.

On cross-appeal, the administrator of the estate argues that the Chancellor erred in approving the supersedeas. With the outcome of this case, it is a moot issue.

Reversed and remanded.