# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–13–184

| | |
|---|---|
| KRISTIE MICHELE CERVANTES<br>APPELLANT | **Opinion Delivered** September 25, 2013 |
| V. | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. DR–2012–228] |
| JEREMY G. CERVANTES<br>APPELLEE | HONORABLE SANDY HUCKABEE, JUDGE |
| | AFFIRMED |

**ROBIN F. WYNNE, Judge**

Kristie Cervantes appeals from a decree of divorce entered by the Lonoke County Circuit Court in which the court granted custody of the parties' two minor children to appellee Jeremy Cervantes. Kristie argues on appeal that the circuit court erred by granting custody of the children to Jeremy, denying her motion to have Jeremy held in contempt, and denying her motion for a continuance. We affirm.

The parties were married on April 20, 2010, and have two children together. Kristie filed a petition for separate maintenance on the grounds of general indignities on February 28, 2012. Kristie sought custody of the children in her petition. Jeremy answered the petition and filed a counterclaim for divorce in which he requested that the parties be awarded joint custody of the children. In a temporary order entered on April 25, 2012, the circuit court granted temporary custody of the children to Kristie, ordered Jeremy to pay child support,

and also ordered Jeremy to pay spousal support in the amount of $230 per week. In June 2012, Jeremy filed a motion for contempt in which he alleged that Kristie had interfered with his visitation. Jeremy filed a second motion for contempt and for emergency change of custody in August 2012, in which he alleged that Kristie had interfered with his visitation and accused him of molesting the children. Kristie's attorney filed a motion for permission to withdraw on August 16, 2012, in which he alleged that she had failed to make payments on her account. Attached to the motion was a release from representation signed by Kristie. The circuit court entered an order to withdraw on August 17, 2012. On September 28, 2012, Kristie filed a pro se motion for contempt in which she alleged that Jeremy had failed to pay spousal support as ordered.

The final hearing was held on October 9, 2012. Kristie failed to appear on time for the hearing, and, after waiting approximately fifteen minutes, the circuit court proceeded without her presence. At the outset of the hearing, Jeremy made a motion to dismiss Kristie's complaint for failure to prosecute and proceed on his counterclaim for divorce. The motion was granted by the circuit court. Jeremy testified that the parties separated in November 2011. Jeremy requested that the circuit court award him custody of the children and testified that he had experienced trouble with visitation over the previous several months. He claimed to have only seen the children twice in the past year. Jeremy stated that he had been working as a mechanic at a car dealership for the past three months, and had been forced to leave his previous position at another dealership because Kristie called the dealership and said that he had been drinking and driving in company vehicles, which he denied. Jeremy testified that

he lived alone in a two-bedroom, two-bathroom apartment in Little Rock and that he did not have a girlfriend living with him.

Kristie appeared at the hearing at the end of Jeremy's testimony. Kristie stated that she had asked Jeremy's counsel for a continuance because she had obtained another attorney, but had not yet paid his retainer fee. She testified that Jeremy was five or six weeks behind in his spousal-support payments. She requested that Jeremy have no visitation due to his "drug use and his alcoholism." She stated that Jeremy left her without a vehicle. Kristie claimed that Jeremy would not show up for visitation and, when he did, he would be late. Kristie alleged that Jeremy made false reports to the Arkansas Department of Human Services.

After the testimony concluded, the circuit court made an oral ruling granting Jeremy's counterclaim for divorce and awarding custody of the children to Jeremy. Kristie requested a continuance. The circuit court denied the motion for a continuance. After the oral pronouncement, Kristie sought to introduce certain video and documentary evidence. The circuit court examined the evidence and sustained certain objections by Jeremy's counsel regarding hearsay. The circuit court restated its prior rulings after considering the additional admissible evidence.[1]

The circuit court's rulings were memorialized in a decree filed on December 19, 2012. In the decree, the circuit court, in addition to granting Jeremy's counterclaim for divorce and granting him custody of the children, denied Kristie's motion for contempt. This timely

---

[1]Upon Jeremy's motion, an order suspending his obligations to pay spousal and child support pending the entry of a final decree was entered on October 26, 2012.

appeal followed.

Kristie's first point on appeal is that the circuit court erred by granting custody of the children to Jeremy. This court reviews child-custody cases de novo and will not reverse a circuit court's findings unless they are clearly erroneous. *Nicholson v. Harrison*, 2013 Ark. App. 44, 425 S.W.3d 851. A finding is clearly erroneous when, having reviewed the entire record before us, this court is left with a definite and firm conviction that a mistake was made. *Id.* We give the circuit court special deference because it has the superior position to evaluate the witnesses, their testimony, and determine what is in the best interests of the children. *Id.* The main consideration in child-custody cases is the welfare and best interests of the children. *Id.*

Kristie argues in her brief that the circuit court erred by granting custody of the children to Jeremy because he lived with his girlfriend, failed to visit the children, and did not know how to care for the children. She also stresses that she has been the children's primary caregiver. In his testimony, Jeremy denied the accusation of cohabitation, contended that Kristie denied him visitation with the children, and maintained that he was capable of caring for the children. The circuit court weighed the evidence and determined that it was in the children's best interest for Jeremy to have custody. Kristie also alleges in her argument that she may have been, in effect, punished for being a stay-at-home mother and being late to the hearing. Neither of those allegations finds any support in the record. Bearing in mind our standard of review and the deference afforded to the circuit court on issues of credibility, we hold that the trial court's decision to award custody of the children to Jeremy is not clearly

erroneous. We affirm on this point.

Kristie's next point on appeal is that the circuit court erred by failing to hold Jeremy in contempt for failing to pay spousal support as ordered. We review a trial court's refusal to punish an alleged contemnor using an abuse-of-discretion standard. *Stevenson v. Stevenson*, 2011 Ark. App. 552. An abuse of discretion occurs when discretion is applied thoughtlessly, without due consideration, or improvidently. *Id*. The only evidence at the hearing on the issue of spousal support was Kristie's testimony that Jeremy had failed to pay as ordered. However, the testimony of an interested party is never undisputed, even though unchallenged. *Courtney v. Courtney*, 296 Ark. 91, 752 S.W.2d 40 (1988). Thus, the circuit court was not required to believe Kristie's testimony. We find no abuse of discretion and affirm on this point.

Kristie's final point on appeal is that the circuit court erred by denying her motion for a continuance made during the final hearing. The denial of a motion for continuance is reviewed under an abuse-of-discretion standard. *Sims v. Moser*, 373 Ark. 491, 284 S.W.3d 505 (2008). An appellant must not only demonstrate that the circuit court abused its discretion by denying the motion but also must show prejudice that amounts to a denial of justice. *Id*. Kristie requested the continuance in order to have counsel represent her. The circuit court, in denying the motion, stated that Kristie had released her previous attorney almost two months prior to the hearing. While Kristie stated at the hearing that she had contacted another lawyer, she also stated that she had not paid his retainer. She argues in her brief that her inability to get certain evidence admitted at the hearing is proof of the prejudice

caused by the denial of the motion for continuance. However, the circuit court agreed to look at all of the evidence Kristie provided and sustained objections to certain evidence by Jeremy's counsel based on hearsay. It is not clear that the granting of the motion for continuance would have made any difference with regard to the circuit court's rulings. We hold that the circuit court did not abuse its discretion by denying the motion for continuance and affirm on this point.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Alexander Law Firm*, by: *Hubert W. Alexander*, for appellant.

*Clark & Byarly*, by: *Andrew L. Clark*, for appellee.